ON REHEARING.
BARHAM, Justice
(dissenting).
I dissent and assign as my reasons the constitutional ground set forth in the opinion on original hearing. However, I also agree with Mr. Justice Tate’s dissent on rehearing that we could pretermit the constitutional issue, and if we did, we would be required to declare these pre-1948 local option ordinance invalid because, as he correctly and cogently states, the former jurisprudence incorrectly held them valid under an erroneous statutory interpretation that a general saving clause in the Revised Statutes of 1950 retained them in effect. I purposely did not pretermit the constitutional issue on original hearing, correctly surmising when I penned the original opinion, that the majority of this court would not overrule the former jurisprudence. Therefore I went directly to the valid and basic ground urged by defendant which had not been previously encumbered with jurisprudential interpretation. While I am firmly convinced of the soundness of the original opinion on the finding of a denial of the constitutional right of equal protection and prefer to stand on that ground, I would lend further support to the result which should obtain by adding these comments to Mr. Justice Tate’s dissenting opinion in regard to the earlier erroneous statutory interpretation in this area.
In my concurring opinion in Carter v. Moore, 258 La. 921, 248 So.2d 813 (1971), I stated that the jurisprudence upon the is *904 sue there involved was “built upon a tenuous and • untenable foundation and is inversely pyramided”. That expresses my opinion of the jurisprudence of State v. Bradford, 220 La. 176, 56 So.2d 145 (1951); State v. Wilson, 221 La. 990, 60 So.2d 897 (1952); State v. Dunning, 224 La. 204, 69 So.2d 16 (1953). A perusal of the Bradford record in this case shows that the conviction there was prior to the effective date of the Revised Statutes of 1950. I fail to understand why the court there interpreted the 1950 Revised Statutes and applied them to a conviction before that legislation became effective. The cases which follow Bradford cite and rely upon its erroneous rationale to hold that when the 1950 Revised Statutes were adopted, the general saving clause of that act preserved the saving clause in Section 17 of Act 372 of 1948 (local option law) although Section 17 was specifically repealed in the 1950 enactment. The Revised Statutes of 1950 are the law of this state, and jurisprudence which misinterpreted a part of those statutes is not the law. The Civil Code pronounces in Article 1: “Law is a solemn expression ’ of legislative will.” (Emphasis supplied.) When the saving clause of Section 17 of Act 372 of 1948 was repealed by the enactment of the Revised Statutes of 1950, all local option ordinances forbidding the sale of 3.2 beer became null and void under R.S. 26:588.
For the reasons assigned on original' hearing, those here assigned, and those assigned in Mr. Justice Tate’s dissent, I respectfully dissent.