RONDER, Justice.
We granted writs in this case to review a judgment of the district court wherein Georg'e Van Kuren was enjoined from interfering with Clyde F. Bel, Sr., as Chairman of the First Supreme Court District Democratic Executive Committee.
George Van Kuren was appointed Chairman of the First Supreme Court District Democratic Executive Committee by Rufus F. Hayes, Chairman of the Louisiana Democratic State Central Committee. Thereafter, the First Supreme Court District Democratic Executive Committee met and elected Clyde F. Bel, Sr., Chairman of this committee. A controversy arose over who was the legal chairman of the committee, Van Kuren taking the position that he was appointed by the Chairman of the State Central Committee, who alone had the authority to select the chairman of the committee. On the other hand, Bel took the position that the appointment of Van Kuren by the State Central Committee was only temporary, to serve until the members of the committee elect a chairman.
The present proceeding was brought by Bel to enjoin Van Kuren from exercising any of the functions pertaining to the chairmanship of the First Supreme Court Committee. Van Kuren interposed exceptions of no right and/or no cause of action, and an exception to the jurisdiction ra-tionae materiae. These exceptions were overruled and, upon hearing, the lower court granted a preliminary injunction ordering Van Kuren not to interfere with Bel as Chairman of the Committee. Upon application of Van Kuren, this Court granted writs and the matter has now been submitted for our determination.
The law governing this controversy is LSA-R.S. 18:289 which provides:
“The chairman of the state central committee shall select and appoint the chairman and secretary of every committee created by this Part, with the exception of the state central committee, parish committees, and municipal committees. The chairmen and secretaries of these latter committees serve only until the committees select their own chairmen and secretaries.”
The language of this statute is clear and unambiguous, from a mere reading it is apparent that the Chairman of the State Central Committee selects and appoints the Chairman of the First' Supreme Court District Democratic Executive Committee.
Respondent contends that under the provisions of LSA-R.S. 1:16, Section 9,of Act 46 of 1940 should be controlling in this case. Act 46 of 1940 has been specifically repealed and cannot be considered in the disposition of this case.
Respondent’s contention that this case comes within the supervisory jurisdiction of the court of appeal is of no moment because we have ample authority under our general supervisory jurisdiction to issue the writs herein. Section 10, Article 7 of the Louisiana Constitution, LSA.
For the reasons assigned, the judgment of the lower court is reversed and set aside, the preliminary injunction issued herein is recalled, the exception of no cause of action is sustained, and the suit is dismissed at respondent’s cost.