ON REHEARING’
TATE, Justice
(dissenting).
I do not reach the constitutional issue, for I believe that legislation of our state presently in effect invalidates the local prohibition ordinance under which this conviction was had.
In 1943, Ward 3 of Claiborne Parish voted dry by popular referendum. Pursuant thereto, Ordinance # 100 was adopted by the parish police jury. This prohibited the sale of beer of an alcoholic content greater than one-half of one percent by volume.
This 1943 ordinance was adopted as authorized by a 1935 state law. This 1935 *900 act was repealed by Act 372 of 1948, which is codified as La.R.S. 26:581-595. Section 5 of the 1948 act, codified as 26:588 (1950), provides:
“Prohibition of the sale of any or all alcoholic beverages bj' a local option election held pursuant to this Chapter shall not operate as a prohibition of the manufacturing, producing, using, distributing, storing, or selling of beverages containing more than one-half of one percent alcohol by volume but not more than three and two-tenths percent alcohol by weight.” (Italics mine.)
Thus, the Claiborne ordinance prohibiting the sale of beer of an alcoholic content greater than %% is contrary to (and invalid to that extent) the present state enactment, which provides that local ordinances “shall not operate as a prohibition of . selling of beverages containing . . . not more than three and two-tenths percent [3.2%] weight”.
The 1948 act did contain a savings clause expressly providing that the 1948 statute did not invalidate local ordinances prohibiting the sale of beverages between .5% and 3.2% alcoholic content. However, Section 17 zvas repealed when the 1948 statute zvas codified into the 1950 Revised Statutes. (Act 372 of 1948 was expressly repealed by Section 2 of Act 2 of the Extraordinary Session of 1950, which enacted the Revised Statutes.)
Under interpretative principles generally held applicable, where the text of a former law was changed when it was incorporated into the Revised Statutes, and the present revised provision is clear and unambiguous, the unambiguous text of the Revised Statutes should be interpreted according to its clear meaning, without reference to the prior law — that is, the provision is held to be changed rather than to have merely clarified or codified former law. Bel v. Van Kuren, 236 La. 23, 106 So.2d 703 (1958); City of Alexandria v. LaCombe, 220 La. 618, 57 So.2d 206 (1952); Note, 15 Louisiana Law Review 472 (1955). See also La.R.S. 1:4 (1950).
This reasoning is to some extent inconsistent with that of this court in State v. Dunning, 224 La. 204, 69 So.2d 16 (1953), State v. Wilson, 221 La. 990, 60 So.2d 897 (1952), and State v. Bradford, 220 La. 176, 56 So.2d 145 (1951), where the present precise question was not at issue. To that extent, these decisions should be overruled, insofar as not distinguishable.
In repealing the savings clause, the 1950 legislature may well have sought to void the present anomalous situation: Over our state is spread a patchwork of different local prohibitory ordinances adopted several decades ago, providing different penalties and of different effect than those which are now authorized by our state law.
Further, we have held that the effect of the local prohibition may not be re *902 moved except by a vote of the public of the particular land territory formerly effected, even though a portion of this dry territory is subsequently included in a different territorial subdivision which has not adopted a prohibition ordinance. Blanchard v. Gauthier, 248 La. 1107, 184 So.2d 531 (1966).[1] The result is that there is no really practical method to call an election to remove a decades-old restriction from land territory belonging to the ancient boundaries of former governmental units, now dissolved, merged, or much-changed, no longer having voting registrations or precincts limited to include voters only of the ancient and no longer existing unit which voted dry between 1935 and 1948.
For these reasons, I respectfully dissent.

. To overcome the effect of this decision, which applied to Baton Rouge, the legislation enacted La.R.S. 25 :582.1 (Act 208 of 1968), which provided when a dry portion of a ward or municipality is annexed or made part of another governmental unit containing one hundred thousand population or more then the annexed portion should take on tlie legal sales characteristic of the latter subdivision. By House Goncui'rent Resolution No. 25 adopted in Extraordinary 196S Session, this act was suspended in effect. Even if in effect, the enactment does not apply to annexations or mergers of lesser populated areas.