56 So.2d 145

STATE v. BRADFORD.
No. 40474.

Dec. 10, 1951.

J. S. Pickett, Many, for defendant-appellant.

Bolivar E. Kemp, Jr., Atty. Gen., M. E. Culligan, Asst. Atty. Gen., J. Reuel Boone, Dist. Atty., Many, James C. Terrell, Jr., Asst. Dist. Atty., Leesville, for appellee.

McCALEB, Justice.

Margarete Bradford was convicted of possessing intoxicating liquor for purposes of sale in Sabine Parish and sentenced to pay a fine of $500 and costs. On appeal, she specifies three alleged errors of the trial judge as grounds for annulment of her conviction.

The initial complaint, raised by motion in arrest of judgment, is that the prohibition ordinance of Sabine Parish was repealed by the Louisiana Revised Statutes

of 1950, Act No. 2 of the Extraordinary Session of 1950.

The ordinance was passed on November 14th 1934,[1] following a local option election held in Sabine Parish under authority of Act No. 15 of 1934, LSA–R.S. 26: 241 et seq. That act, which empowered the police juries of the several parishes of the State to prohibit the sale or distribution of intoxicating liquor within their respective limits when authorized by a majority vote at a local option election, was repealed, in effect, by Act No. 17 of the First Extraordinary Session of 1935, a similar statute. However, that statute contained a clause providing that the repeal of Act No. 15 of 1934 would not affect the validity of any local option election theretofore held or any ordinance adopted as the result of such election.

Act No. 17 of 1935, 1st Ex.Sess., was repealed by Act No. 372 of 1948, which provided for local option under certain other conditions. That act also contained a similar saving clause declaring that the repeal did not vitiate or affect any ordinance previously adopted, in conformity with laws then existing.

By Act No. 2 of 1950, Ex.Sess., the Legislature adopted the Louisiana Revised Statutes, which had been prepared by the Louisiana State Law Institute under authority of Act No. 42 of 1942. Section 2 of the act specifically repeals, among

others, Act No. 15 of 1934, Act No. 17 of 1935, 1st Ex.Sess. and Act No. 372 of 1948. Hence, counsel's contention that the ordinance under which appellant is prosecuted has passed out of existence.

If it were true, as counsel maintains, that the Revised Statutes did not particularly provide for the continuance of ordinances passed under the authority of laws which were therein repealed, the point would be well taken for the validity of an ordinance of a political subdivision, enacted under police power delegated to it, can be effective only so long as the Legislature sees fit to continue such power in the public body or to specially affirm and uphold the validity of ordinances passed pursuant to the delegated power in the event it is subsequently withdrawn. State v. City of New Orleans, 151 La. 24, 91 So. 533 and State v. Gardner, 198 La. 861, 5 So.2d 132. But Act No. 2 of the Extraordinary Session of 1950 contains a savings clause which continues in force all acts done, rights acquired and liabilities imposed by and under the statutes which are revised and superseded. Section 16 of Title I, LSA–R.S. 1:16, prescribing the interpretation of the Revised Statutes, declares that they are to be construed as "continuations of and as substitutes for the laws * * *" which are revised and consolidated. And it specially provides that the adoption of the statutes "shall not affect *the continued existence and oper-*

---

[1.] It was later amended on two occasions but the changes have no bearing upon the questions for discussion.

*ation* * * * of any department, agency, or office heretofore legally established or held, *nor any acts done,* * * * *any rights acquired* or accruing * * * prior to the effective date of these Revised Statutes". (Italics ours).

In the recent case of State v. Mathe, 219 La. 661, 53 So.2d 802, it was contended that the repeal of the Criminal Code, Act No. 43 of 1942, by the Revised Statutes was so complete that the defendant, charged with violating one of the provisions of the Code, had received a legislative pardon as he had not been tried prior to the effective date of the Revised Statutes. This proposition was rejected by the Court on the ground that the Revised Statutes merely supplanted the laws of the State, continuing them in force in a new form and that there was no interruption whatever in their existence. In resolving thus, LSA–R.S. 1:16 was quoted in full and it was observed that that provision unmistakably disclosed the intent of the Legislature not to disturb the status of any acts or rights exercised under the laws which were revised.

■ Similarly, in the case at bar, it clearly appears that the savings clause, LSA–R.S. 1:16, effectuated a continuation of the existence and vitality of the assailed ordinance despite the specific repeal of the law under which it was enacted.

The second point raised by counsel is that the fine of $500 imposed upon appellant is unlawful because the Revised Stat-

utes provide a maximum penalty of $100 and/or 30 days in jail for violation of prohibition ordinances passed under local option laws.

■ There is no merit in this contention. The penalty was not assessed for violating an ordinance enacted under the authority of the Revised Statutes of 1950; it was permitted by an ordinance which was continued in force by Section 16 of Title I of the Revised Statutes, in spite of the repeal of the law, Act No. 15 of 1934, under which the police jury derived the power to pass it.

■ The remaining complaint of appellant is that the judge erred in overruling her motion for a new trial as there was no evidence that she had sold or offered for sale any of the liquor found in her possession. Since appellant was charged merely with possession for purposes of sale, it was not essential that the prosecution show a sale or an offer of sale but only that the liquor was kept or possessed under such conditions or circumstances as to make possible an inference that it was intended for sale. State v. Rachal, 211 La. 227, 29 So.2d 774. Inasmuch as the evidence in this case was not transcribed and attached to the bill of exceptions overruling the motion for a new trial, we would, under ordinary conditions, be unable to determine whether there was any evidence at all to sustain the conviction. However, the trial judge has set forth in his per curiam a resume of the evidence which

controls in the absence of a complete transcript of the testimony.

■ The per curiam discloses that a sizeable quantity of gin, whiskey, beer and wine was found concealed in the attic of appellant's house and that there was testimony of a witness tending to establish a business arrangement between appellant and himself relative to the handling and sale of alcoholic beverages. Obviously, then, there was some evidence to sustain a conviction. The sufficiency thereof was a matter for the trial judge and is not embraced within our appellate jurisdiction. Compare State v. Nomey, 204 La. 667, 16 So.2d 226, upon which appellant relies.

The conviction and sentence are affirmed.