Accordingly, the application for rehearing is denied.

**60 So.2d 897**

**STATE v. WILSON.**

No. 40798.

July 3, 1952.

Rehearing Denied Oct. 7, 1952.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Ass't. Atty. Gen., Ragan D. Madden, Dist. Atty., Ruston, for appellee.

MOISE, Justice.

The defendant was charged with operating a blind tiger in violation of LSA–R.S. Title 26, Sections 711 and 712. He was convicted and sentenced to pay a fine of $301 and costs and to imprisonment in the Parish Jail for a period of sixty days. From the conviction and sentence, he prosecutes this appeal. He relies upon three bills of exception, urging reversible error.

The objection urged in Bill of Exception No. 1 forms the basis of Bills Nos. 2 and 3 and the legal contentions made will be answered by the merger of the three into one. In Bill No. 1 defendant urged an objection to offering in evidence a certified copy of Ordinance No. 188 of the Lincoln Parish Police Jury and Ordinances Nos. 313 and 314 of the City of Ruston, arguing that the bill of information does not charge or set forth any crime or offense known to the laws of the State of Louisiana, and that the authority under which these ordinances were adopted had been repealed by the Louisiana Statutes Annotated–Revised Statutes of 1950. This objection was overruled. (The record shows that Bill No. 1 was confected in due form of law.)

The basis of the appeal and the bills of exception embrace but two legal points: (1) That Ordinance No. 188 of the Lincoln

McBride & Goff, Ruston, for defendant-appellant.

Parish Police Jury and Ordinances Nos. 313 and 314 of the Board of Aldermen of the Town of Ruston are no longer in effect by virtue of the effect of the LSA–Revised Statutes of 1950, which repeal the local option statute and, hence, the local option ordinances enacted pursuant thereto; (2) that, in any event, the act under which the subject ordinances had been adopted, Act 17 of 1935, has been repealed by Act 372 of 1948.

Neither contention made is meritorious. Act 372 of 1948, in connection with its repealing clause contains the following savings clause:

"* * * Nothing in this Act shall be construed or have the effect of vitiating or affecting any ordinance or statute previously adopted or enacted by any political sub-division declaring illegal or forbidding the manufacturing, producing, rectifying, blending, using, storing, distributing and selling of beverages containing alcohol of more than one-half of one per cent."

Obviously, the effect of this savings clause was to avoid any nullification of an ordinance adopted under the previous local option law.

While Act 372 of 1948 was not incorporated in its entirety in the LSA–Revised Statutes of 1950, nevertheless, after a careful check of the pertinent statute, we find that all of its salient features were retained, as hereinafter set forth. Section 1 of Act 372 of 1948 was carried into the LSA–Revised Statutes under Title 26:582; Section 2 is comprehended by LSA–R.S. 26:581, and through reference by 26:241; Section 3 is incorporated in LSA–R.S. 26:587; Section 4, LSA–R.S. 26:589, par. 2; Section 5, LSA–R.S. 26:589, par. 1, and LSA–R.S. 26:588; Section 6, LSA–R.S. 26:583; Section 7, LSA–R.S. 26:584; Section 8, LSA–R.S. 26:585; Section 9, LSA–R.S. 26:586; Section 10, LSA–R.S. 26:590; Section 11, LSA–R.S. 26:591; Section 12, LSA–R.S. 26:592; Section 13, LSA–R.S. 26:593; Section 14, LSA–R.S. 26:594; Section 15 was omitted as surplusage, in view of the incorporation of the Beer Tax Act under LSA–R.S. 26:241 et seq.; Section 16 is incorporated in LSA–R.S. 26:595; Section 17, containing the repealing clause and savings clause hereinbefore quoted has been omitted for reasons herein set out; Sections 18 and 19 have also been deleted as unnecessary.

The omission of both the repealing and savings clause contained in Section 17 of Act 372 of 1948 from the LSA–Revised Statutes is justified, for the reason that the LSA–Revised Statutes specifically repealed both Act 17 of the First Extra Session of 1935 and Act 372 of 1948, but they contain a general savings clause which reads as follows:

"The Louisiana Revised Statutes of 1950 shall be construed as continuations of and as substitutes for the laws or

parts of laws which are revised and consolidated herein. The adoption of these Revised Statutes shall not affect the continued existence and operation, subject to the provisions hereof, of any department, agency, or office heretofore legally established or held, nor any acts done, any funds established, any rights acquired or accruing, any taxes or other charges incurred or imposed, any penalties incurred or imposed, or any judicial proceedings had or commenced prior to the effective date of these Revised Statutes." LSA–R.S. 1:16.

The effect of the savings clause is to continue in existence any ordinance adopted pursuant to prior local option laws. State v. Bradford, 220 La. 176, 56 So.2d 145. Therefore the local option ordinances in question were not vitiated by the adoption of the LSA–Revised Statutes of 1950, but have been in full force and effect since their promulgation, first, under the authority of Act 17 of 1935 and Act 372 of 1948, and finally, under the authority of LSA–R.S. 26:582 et seq. State v. Mathe, 219 La. 661, 53 So.2d 802.

For these reasons, the bill of information does define and set out an offense known to the law and punishable under the laws of the State of Louisiana.

The conviction and sentence are affirmed.