69 So.2d 16

### STATE v. DUNNING.

No. 41345.

Nov. 9, 1953.

Rehearing Denied Dec. 14, 1953.

Jack L. Simms, Leesville, and Edgar Corey, New Orleans, for defendant-appellant.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., and Stuart S. Kay, Dist. Atty., DeRidder, for appellee.

HAWTHORNE, Justice.

The defendant, A. D. Dunning, charged in a bill of indictment with selling intoxicating liquor in violation of an ordinance adopted by the police jury of Beauregard Parish, was tried, convicted, and sentenced to serve a term of imprisonment of six months. From this conviction and sentence he has appealed.

Appellate jurisdiction of this case is vested in this court by the provision of

Article 7, Section 10, of the Constitution that this court shall have appellate jurisdiction in all cases where the legality or constitutionality of any fine, forfeiture, or penalty imposed by a parish shall be in contest. Since our jurisdiction is based on this provision, we can consider no question in this appeal except the legality or constitutionality of the penalty imposed. Town of Ruston v. Fountain, 118 La. 53, 42 So. 644; City of Shreveport v. Mackie, 140 La. 724, 73 So. 842; State v. Garrett, 218 La. 538, 50 So.2d 24. See State ex rel. Chehardy v. New Orleans Parkway Commission, 215 La. 779, 41 So.2d 678.

The ordinance under which the defendant was tried and convicted was adopted by the police jury of Beauregard Parish on November 30, 1942, under the authority of Act 17 of the First Extra Session of 1935. This act authorized the calling and conducting of a local option election in any parish, 'ward, or municipality of this state, and provided in Section 6 that, in any of said subdivisions where the sale of such intoxicating liquors had been prohibited by a vote of the electors, the governing authority of such subdivision could provide for the prohibition of the sale of such intoxicating liquors by ordinance and provide penalties for the violation of such ordinance by fine not to exceed $500, or imprisonment for six months, or both, at the discretion of the court, and additional imprisonment not to exceed six months for the failure to pay any fine.

Act 372 of 1948, which also provided for local option elections, repealed all laws on the same subject matter or in conflict therewith, but contained a saving clause providing that nothing therein should have the effect of vitiating or affecting any ordinance or statute previously adopted or enacted by any political subdivision declaring illegal and forbidding the selling, etc., of beverages containing alcohol as defined therein.

The Revised Statutes, Act 2 of the Extra Session of 1950, specifically repealed in Section 2 both Act 17 of the First Extra Session of 1935 and Act 372 of 1948. This court has held, however, that ordinances prohibiting the sale of intoxicating liquors, adopted pursuant to, and under the authority of, statutes in full force and effect at the time such ordinances were adopted, remained in full force and effect and were valid under the provisions of the general saving clause in the Revised Statutes, R.S. 1:16, notwithstanding the specific repeal, by Section 2 of the Revised Statutes, of the acts which authorized the adoption of such ordinances. State v. Bradford, 220 La. 176, 56 So.2d 145; State v. Reed, 220 La. 720, 57 So.2d 413; State v. Wilson, 221 La. 990, 60 So.2d 897.

In State v. Bradford, supra, the appellant was convicted for violating an ordinance adopted by the police jury of Sabine Parish under authority of Act 15 of 1934. She contended that the ordinance was invalid because the act pursuant to which it was enacted had been repealed by the Re-

vised Statutes of 1950. In affirming the conviction and sentence this court said [220 La. 176, 56 So.2d 146]:

"* * * Act No. 2 of the Extraordinary Session of 1950 [Revised Statutes of 1950] contains a savings clause which continues in force all acts done, rights acquired and liabilities imposed by and under the statutes which are revised and superseded. * * *"

R.S. 1:16 reads as follows:

"The Louisiana Revised Statutes of 1950 shall be construed as continuations of and as substitutes for the laws or parts of laws which are revised and consolidated herein. The adoption of these Revised Statutes shall not affect the continued existence and operation, *subject to the provisions hereof,* of any department, agency, or office heretofore legally established or held, nor any acts done, any funds established, any rights acquired or accruing, any taxes or other charges incurred or imposed, any penalties incurred or imposed, or any judicial proceedings had or commenced prior to the effective date of these Revised Statutes." (Italics ours.)

In the instant case appellant concedes, as he must, that the ordinance adopted by the police jury was continued in full force and effect by virtue of this saving clause of the Revised Statutes, under the decisions of this court in the cases cited above. He points out, however, that under the statute pursuant to which this ordinance was adopted a parish might provide penalties of a fine not to exceed $500 or imprisonment for six months or both at the discretion of the court, whereas under the provisions of the Revised Statutes, R.S. 26:595, a parish may not provide as a penalty a fine in excess of $100 or imprisonment of more than 30 days or both. He then argues that, although the ordinance adopted was valid and continued in existence, nevertheless it was *subject to* the provisions of the Revised Statutes, which clearly limit the maximum penalty that can now be imposed for this offense to $100 or 30 days or both, and that consequently the sentence of six months imposed upon him under the penal provision of the ordinance is illegal. He bases this argument on the words "subject to the provisions hereof" which we have italicized in the saving clause quoted above.

In the Bradford case, supra, appellant also contended that the fine imposed upon her was unlawful because the Revised Statutes provide a "maximum penalty of $100 and/or 30 days in jail" for violation of prohibition ordinances passed under local option laws. In the course of the opinion in that case this court said:

"There is no merit in this contention. The penalty was not assessed for violating an ordinance enacted under the authority of the Revised Statutes of 1950; it was permitted by an ordinance which was continued in force by Section 16 of Title I of the Revised Statutes, in spite of the repeal of the law, Act No. 15 of 1934, un-

der which the police jury derived the power to pass it."

■ We do not think that there is any merit to appellant's argument in this case. The phrase on which he relies means that the adoption of the Revised Statutes shall not affect the continued existence and operation, subject to the provisions thereof, of any department, agency, or office theretofore legally established or held, and this phrase was not intended to have application to any acts done, any penalties incurred or imposed, or any judicial proceedings had or commenced prior to the effective date of the Revised Statutes.

As we interpret it, the phrase "subject to the provisions hereof" applies only to any department, agency, or office theretofore legally established, and the whole clause means that the adoption of these statutes shall not affect:

(a) The continued existence and operation, subject to the provisions hereof, of any department, agency, or office heretofore legally established or held,

Nor (b) any acts done, any funds established, any rights acquired or accruing, any taxes or other charges incurred or imposed, any penalties incurred or imposed, or any judicial proceedings had or commenced prior to the effective date of these Revised Statutes.

The holding of the election and the adoption of the ordinance by the police jury were "acts done" within the meaning of the saving clause in the Revised Statutes. In the Bradford case we said:

"* * * Act No. 2 of the Extraordinary Session of 1950 contains a savings clause which continues in force all acts done * * * by and under the statutes which are revised and superseded. * * *"

Therefore, penalty upon conviction is properly imposed under the provision of the ordinance.

Appellant next contends that his sentence to six months' imprisonment is illegal because the penal provision of the ordinance under which he was convicted is vague, indefinite, and uncertain, and that no valid sentence of imprisonment could be imposed under it.

The penal provision of the ordinance reads as follows:

"Be It Further Ordained, etc., that any person, firm, or corporation violating any provisions of this Ordinance, shall upon conviction in any Court of competent jurisdiction, be fined in a sum not exceeding Five Hundred and no/100 ($500.-00) Dollars, or imprisonment, at the discretion of the Court, all in accordance with the provisions of Section 6 of the First Extraordinary Session of the Legislature of Louisiana for the year 1935."

■ Under the provision of this ordinance the court could impose a fine not exceeding $500. The ordinance, however, as written does not fix any minimum or

maximum term of imprisonment, but simply provides for a fine of $500, or imprisonment, at the discretion of the court. Insofar as the imprisonment is concerned, under the strict terms of the ordinance the court could impose any term of imprisonment that it might see fit so to impose, without any limitation or restriction whatsoever. Under the authority of the 1935 act, under which this ordinance was adopted, the police jury might have provided for a fine not exceeding $500 or imprisonment not exceeding six months or both. However, it had no authority to provide for a term of imprisonment without any limitation whatsoever. Accordingly under the ordinance as written no valid and legal term of imprisonment can be imposed for its violation. This ordinance, after providing for the fine and imprisonment, further provides "all in accordance with the provisions of Section 6 of the First Extraordinary Session of the Legislature for the year 1935", but no reference is made to any particular act of that legislative session. Under these circumstances the ordinance is so vague that it cannot be determined what was intended by the imprisonment provision, and accordingly the sentence of six months imposed on the accused herein is illegal and will have to be set aside. However, under the provisions of this clause a fine not exceeding $500 may be imposed.

For the reasons assigned, the judgment of conviction is affirmed, but the sentence imposed is set aside, and the case is remanded to the district court in order that the defendant may be sentenced according to law.

MOISE, J., dissents because the results of majority is discriminatory.

FOURNET, Chief Justice (dissenting).

The right to regulate the traffic of liquor is an inherent police power of this state, and while, under the express provisions of the Constitution of 1921, Section 18 of Article 19, such power cannot be surrendered, it is within the province of the lawmaking body to delegate this power to the various political subdivisions of the state. This does not mean, however, that the legislature surrenders the power thus delegated and that it is not subject to recall or change at the will of the lawmaking body. State v. Gardner, 198 La. 861, 5 So.2d 132.

The majority, in reaching the conclusion—as did this court in State v. Bradford, 220 La. 176, 56 So.2d 145—that ordinances prohibiting the sale of intoxicating liquors adopted pursuant to statutes enacted previous to the adoption of the Revised Statutes of 1950 remain in full force and effect and were valid under the provisions of the general saving clause, R.S. 1:16—thus leaving the anomalous situation that those convicted under such ordinances are subject to fines not to exceed $500 and imprisonment of not more than 6 months, or both, whereas

those convicted under ordinances adopted pursuant to the provisions of the Revised Statutes are subject to fines of no more than $100 and imprisonment of not more than 30 days, or both—failed to give proper consideration to the fact that the legislature, in adopting the Revised Statutes, in effect incorporated and continued the local option law in force previously by virtue of Act 372 of 1948 but omitted therefrom the provisions to be found in Section 17 of Act 372 declaring that "Nothing in this Act shall be construed or have the effect of vitiating or affecting any ordinance * * * previously adopted or enacted by any political sub-division declaring illegal or forbidding the manufacturing, producing, rectifying, blending, using, storing, distributing and selling of beverages containing alcohol of more than one-half of one per cent."

It is obvious to me that the legislature, having pointedly omitted this provision, did so to avoid the unwarranted discrimination made possible by the inclusion of such a provision. At least, it is reasonable to assume that their action in deleting this clause was prompted by such motive.

And if we are to construe the provision of R.S. 1:16, the general saving clause, as continuing in effect the ordinances adopted under previous laws (particularly when all acts on the subject matter were specifically repealed in the Revised Statutes, and more particularly

Acts 15 of 1934, 17 of the 1st Extra Session of 1935, and 372 of 1948) it is our duty to follow the cannon of interpretation which requires that such construction not only be reasonable but lead to no absurd consequences. In my opinion, it seems reasonable to assume that the legislature, in the light of the above-mentioned deletion, intended to provide a uniform penalty for all such violations, that is, a maximum fine of $100 and imprisonment of not more than 30 days, or both. This, in my opinion, would be a reasonable construction of the saving clause, leading to no absurd consequences and consonant with sound logic and reasoning.