TATE, Judge.
By this mandamus suit, the plaintiff partnership seeks to compel the defendant sheriff and other public officials to issue it an alcoholic beverage retail license. The plaintiff appeals from the dismissal of its suit upon an exception of no cause of action.
The essential issue is whether the 1948 repeal of a 1935 state law invalidates a local ordinance adopted under it which prohibits the sale of all alcoholic beverages. The plaintiff seeks a license to sell beer of 3.2% alcoholic content. The 1935 act authorized local prohibition of the sale of such low-alcoholic content beer, while the 1948 statute does not.
The partnership operates a store in Ward Five of Rapides Parish. This ward is subject to a “dry” ordinance adopted by the police jury in 1937, as a result of a local option election.
The ordinance prohibits the sale of all beer or alcoholic liquors of more than one-half of one per cent (.5%) alcohol by volume. The ordinance was adopted as authorized by Act 17 of the Extraordinary Session of 1935, the local option statute then in effect. If this ordinance is still in effect, then of course the officials properly denied the plaintiff’s application to sell beer of a greater (3.2%) alcoholic content.
However, the 1935 statute was modified by Act 372 of 1948. Codified as LSA-R.S. 26:581-26:595, this latter enactment represents the regulation of local option elections presently in effect.
One of the 1948 changes, for instance, was to reduce the criminal penalties for violation. Whereas the 1935 act had provided for fine and imprisonment up to $500 and six months, Section 6, the 1948 statute reduced the maximum penalties to $100 and 30 days, Section 16. See, e. g., State v. Dunning, 224 La. 204, 69 So.2d 16 (1953).
More pertinently, another change of the 1948 act provided that local ordinances adopted thereafter could not prohibit the *159 sale of beer and other beverages containing 3.2% alcoholic content. Section 5; cf., Sections 3, 6, and 19. The 1935 statute, as noted, had authorized local elections to prohibit the sale of beer, etc., containing more than even .5% alcohol, that is, much less alcoholic content. See, e. g., Randolph v. Village of Turkey Creek, 240 La. 996, 126 So.2d 341 (1961).
The plaintiff partnership seeks to compel the issuance of a license for it to sell 3.2% beer. It points out that, as codified in the 1950 Revised Statutes, the sole statutory provision from the 1948 enactment (or any other) that is now in point is LSA-R.S. 26:588. This provision flatly provides that local ordinances shall not operate to prohibit the sale of up to 3.2% beer.[1]
On the other hand, the defendant officials contend that the ordinance adopted under the 1935 statute is still in full force, i. e., prohibiting the sale of 3.2 beer. They rely upon a provision of the 1948 act; this expressly provided that the 1948 enactment did not invalidate local ordinances prohibiting sale of beverages between .5 and 3.2 per cent alcoholic content. Section 17.[2]
This last provision was omitted when the 1948 statute was codified into the 1950 Revised Statutes. Based on this circumstance, the plaintiff-appellant argues that the 1950 legislation repealed the savings clause (Section 17) of the 1948 act and its sanction of local ordinances in conflict with present state law.[3] (The savings clause alone preserved the restrictive 1937 ordinance from being invalid as in conflict with the 1948 provision, presently codified as LSA-R.S. 26:588, which prevents local prohibition of beverages of 3.2% alcoholic content or below.)
The argument is especially forceful, in view of general interpretative principles applied to the Revised Statutes on other questions. Where the text of the former law was changed and the present revised provision is clear and unambiguous, the courts have held that the unambiguous text of the Revised Statutes should be interpreted according to its clear meaning, without reference to the prior law — that is, it is held that the revision changed rather than merely clarified or codified the prior law. Bel v. Van Kuren, 236 La. 23, 106 So.2d 703 (1958): City of Alexandria v. La Combe, 220 La. 618, 57 So.2d 206 (1952); Note, 15 Louisiana Law Review 472 (1955). See also La.R.S. 1:4 (1950).[4]
*160 However, the Supreme Court has expressly held that pre-1948 ordinances, remaining effective by virtue of the savings clause (Section 17) of the 1948 act, were not vitiated by the omission of this savings clause from the Revised Statutes. In so holding, the court relied upon the general principle of interpretation incorporated as 1:16 of the Revised Statutes that their adoption “shall not affect the continued existence * * * (of) acts done * * * [or] rights acquired” prior to their effective date.[5]
The decisions which reached this result are State v. Dunning, 224 La. 204, 69 So.2d 16 (1953), State v. Wilson, 221 La. 990, 60 So.2d 897 (1952), and State v. Bradford, 220 La. 176, 56 So.2d 145 (1951). While they did not involve the particular issue of whether 3.2% beer could now be sold, they did expressly hold that the local option ordinances enacted by virtue of the 1935 act remained in force despite the omission of the 1948 savings clause from the Revised Statutes and despite the express repeal of the 1948 enactment by the Revised Statutes.
Dunning and Bradford involved criminal convictions under local ordinances which permitted maximum penalties of six months imprisonment and $500 fines. This was authorized by the 1935 act; but not by the 1948 statute, which had reduced the maximum penalties to 30 days and $100. Defendants there sentenced to more than the maximum authorized by the 1948 law contended, as here, that the pre-1948 ordinances were invalidated by their conflict with the unambiguous provisions of the 1950 Revised Statutes codifying the 1948 act and the unambiguous absence therein of any savings clause.
The Supreme Court rejected this contention. It held that the local ordinances were preserved from nullity by LSA-R.S. 1:16 and were thus protected as acts done in reliance upon prior law. We see no reason why the same principle should not apply here to save from invalidity the present local ordinance, enacted pursuant to the 1935 act and preserved from invalidity by the savings clause of the 1948 enactment.
As did the trial court, we must admit the forcefulness of Chief Justice Fournet’s dissent in Dunning. Our holding permits the anomalous result of a patchwork of different local prohibitory ordinances adopted several decades ago, providing different penalties and of different effect than those now authorized by law. As an inferior court, however, we must follow the cited most recent expressions of our high court on the question.
For the reasons cited, we affirm the dismissal of this mandamus suit, at the cost of the plaintiff-appellant.
Affirmed.

. LSA-R.S. 26:588 (which, with modifications of language, is a codification of the former Section 5 of the 1948 act) in full provides:
“Prohibition of the sale of any or all alcoholic beverages by a local option election held pursuant to this Chapter shall not operate as a prohibition of the manufacturing, producing, using, distributing, storing, or selling of beverages containing more than one-half of one per cent alcohol by volume but not more than three and two-tenths per cent alcohol by weight.”

. “Section 17 * * * All laws or parts of laws on the same subject matter or in conflict herewith are hereby repealed.
“Nothing in this Act shall be construed or have the effect of vitiating or affecting any ordinance or statute previously adopted or enacted by any political subdivision declaring illegal or forbidding the manufacturing, producing, rectifying, blending, using, storing, distributing and selling of beverages containing alcohol of more than one-half of one per cent.”

. Further, Act 372 of 1948 was expressly repealed by Section 2 of Act 2 of the Extraordinary Session of 1950, which enacted the Revised Statutes.

. Usually, it is only where the provisions of the revised text are ambiguous, to find their meaning do the courts refer to the prior laws consolidated and codified by the revised text. In this event, then the presumption is applied of the continuation of the prior enactments as previously interpreted by the courts. Gay v. United Benefit Life Insurance Co., 233 La. 226, 96 So.2d 497 (1957) ; State ex rel. Superior Oil Company v. Texas Gas Transmission Corp., 128 So.2d 849 (La.App.4th Cir. 1961), affirmed, *160 242 La. 315, 136 So.2d 55 (1961) ; Perkins v. Brothers of Christian Schools, 71 So.2d 400 (La.App.lst Cir. 1954).

. LSA-R.S. 1:16 provides in full:
“The Louisiana Revised Statutes of 1950 shall be construed as continuations of and as substitutes for the laws or parts of laws which are revised and consolidated herein. The adoption of these Revised Statutes shall not affect the continued existence and operation, subject to the provisions hereof, of any department, agency, or office heretofore legally established or held, nor any acts done, any funds established, any rights acquired or accruing, any taxes or other charges incurred or imposed, any penalties incurred or imposed, or any judicial proceedings had or commenced prior to the effective date of these Revised Statutes.”