292 So.2d 523 (1974)
STATE of Louisiana
v.
Victoria SISSONS.
No. 54058.
Supreme Court of Louisiana.
March 25, 1974.
Rehearings Denied April 26, 1974.
*524 Bobby L. Culpepper, William H. Baker, Holloway, Baker, Culpepper & Brunson, Jonesboro, for amicus curiae.
Martin S. Sanders, Jr., Winnfield, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Charles B. Bice, Dist. Atty., for plaintiff-respondent.
DIXON, Justice.
Defendant was tried under a bill of information charging her with sale of an intoxicating beverage, a half pint of whiskey, in violation of the local option ordinance of Winn Parish. Defendant was convicted after trial before a judge and was sentenced to serve sixty days in the parish jail and pay a fine of $200.00 with an additional sixty days in default of the fine. We granted certiorari.
In the motion in arrest of judgment defendant urged that the offense charged *525 was not punishable under a valid statute in that the ordinance in question is in conflict with state statutes and constitutes a denial of equal protection as guaranteed under the federal and state constitutions.
A brief history of our liquor laws since the repeal of prohibition is pertinent. Act 2 of the Extraordinary Session of 1933 permitted the business of selling, producing, etc., of beer, porter, ale, fruit juices or wine with an alcoholic content greater than one-half of one per cent by volume. Parishes and municipalities were permitted to prohibit such businesses through local option elections. No penalty was stated or authorized for violation of ordinances prohibiting traffic in alcoholic beverages.
Act 15 of 1934 was enacted to regulate beverages containing more than six per cent of alcohol by volume. Parishes, wards and municipalities were permitted to prohibit traffic in such beverages by local option elections. Violations of dry ordinances carried a statutory penalty of a fine of not less than $100.00 nor more than $500.00 or imprisonment of not less than thirty days nor more than six months. On default of payment of fine an additional period of imprisonment of up to six months could be imposed.
Act 17 of the First Extraordinary Session of 1935 expressly repealed Act 2 of the Extraordinary Session of 1933 and Act 15 of 1934. The act authorized the exercise of local option by parishes, wards and municipalities. These subdivisions could prohibit beverages with an alcoholic content between one-half of one per cent and six per cent by volume or those with an alcoholic content greater than six per cent or both. The act also authorized parishes and municipalities to prescribe penalties for violation of the ordinances adopted under the act. The penalties were not to exceed a fine of $500.00 or imprisonment for six months or both, with the power to provide an additional imprisonment not to exceed six months for failure to pay any fine. The ordinance in question was enacted in 1939 pursuant to this act.
Act 372 of 1948 amended the local option law. Wards, incorporated villages, towns and cities were authorized to conduct local option elections. The effect of local option prohibition was limited and did not ban beverages containing more than one-half of one per cent and not more than 3.2 per cent of alcohol by weight. The penalties authorized for violation of local prohibition were reduced to a maximum of a $100.00 fine or imprisonment for thirty days or both. Section 17 of the act repealed all laws on the same subject matter and those in conflict therewith saving however local ordinances prohibiting beverages containing more than one-half of one per cent of alcohol by volume.
Section 2 of Act 2 of the Extraordinary Session of 1950 expressly repealed Act 372 of 1948 and local option provisions were enacted as La.R.S. 26:581-26:595. The savings clause of Act 372 of 1948, Section 17, was deleted and does not appear in our current law.
R.S. 26:581-26:595 permits the exercise of local option by any ward or incorporated municipality. Under § 588 of the act local prohibition does not affect beverages containing more than one-half of one per cent of alcohol by volume and not more than 3.2 per cent of alcohol by weight. The exercise of local option on a parishwide basis is expressly prohibited and the penalties for violation of a prohibition ordinance may not exceed a fine of $100.00 or imprisonment for thirty days or both.
The parish ordinance in question prohibits the sale, production, etc., of beverages containing more than one-half of one per cent of alcohol by volume. The penalties for violation of this prohibition are a fine not to exceed $500.00 or imprisonment not to exceed six months or both. An additional six months imprisonment may be imposed for failure to pay any fine levied.
The power to regulate traffic in alcoholic beverages is vested in the State and the legislature may delegate such power to political subdivisions of the State.
*526 See State v. Emerson, 197 La. 783, 2 So.2d 212 (1941); State v. Gardner, 198 La. 861, 5 So.2d 132 (1941). However, by so delegating the State does not surrender its power and the legislature can at any time alter or recall the delegated power. State v. Gardner, supra; State v. City of New Orleans, 151 La. 24, 91 So. 533 (1922). Generally, a police regulation of a subdivision of the State enacted pursuant to authority delegated by the State cannot exceed the grant of authority and must fall when it conflicts with State law. See La. Const. Art. 14, § 40(d) (1921). Cf. City of Alexandria v. La Combe, 220 La. 618, 57 So.2d 206 (1952); State v. Bradford, 220 La. 176, 56 So.2d 145 (1951).
The ordinance before us exceeds the legislative delegation of power in the following respects:
(1) It is an exercise of local option on a parish-wide basis in contravention of R.S. 26:582.
(2) It purports to prohibit beverages with an alcoholic content which by the terms of R.S. 26:588 may not be regulated by local prohibition.
(3) The penalties under the ordinance grossly exceed those allowed under R.S. 26:595.
The 1948 act did contain a savings clause providing that the act did not invalidate certain local ordinances prohibiting the sale of alcoholic beverages. This provision may have served as a basis for the continuing validity of ordinances such as that before us until enactment of the revised statutes of 1950. However, the savings clause, Section 17 of Act 372 of 1948, was repealed upon enactment of the revised statutes.
R.S. 1:16 provides:
"The Louisiana Revised Statutes of 1950 shall be construed as continuations of and as substitutes for the laws or parts of laws which are revised and consolidated herein. The adoption of these Revised Statutes shall not affect the continued existence and operation, subject to the provisions hereof, of any department, agency, or office heretofore legally established or held, nor any acts done, any funds established, any rights acquired or accruing, any taxes or other charges incurred or imposed, any penalties incurred or imposed, or any judicial proceedings had or commenced prior to the effective date of these Revised Statutes." (Emphasis added).
Past decisions of this court have upheld the validity of ordinances similar to the one at bar reasoning that R.S. 1:16 preserved the delegation of power acting in effect as a general savings clause. State v. Dunning, 224 La. 204, 69 So.2d 16 (1953); State v. Wilson, 221 La. 990, 60 So.2d 897 (1952); State v. Reed, 220 La. 720, 57 So.2d 413 (1952); State v. Bradford, supra. These opinions relying on the language emphasized above found that prior ordinances were "acts done" within the meaning of the statute and thus were unaffected by the enactment of the revised statutes.
We believe this conclusion is erroneous. To say that an ordinance which exacts criminal penalties and derogates from the legislative delegation of power is preserved by the inclusion of a mere statement that "the adoption of these Revised Statutes shall not affect . . . any acts done," where the ordinance in question was only supported by a savings clause in the prior statute and that savings clause was specifically repealed when the current statute was adopted is not sound. The deletion of the savings clause more clearly indicates the intent of the legislature to permit only those local option provisions which conformed with R.S. 26:581-26:595. As Fournet, C. J. stated, commenting on the effect of the deletion of Section 17 of Act 372 of 1948 in his dissent from State v. Dunning, supra:
"It is obvious to me that the legislature, having pointedly omitted this provision, *527 did so to avoid the unwarranted discrimination made possible by the inclusion of such a provision. At least, it is reasonable to assume that their action in deleting this clause was prompted by such motive.
"And if we are to construe the provision of R.S. 1:16, the general saving clause, as continuing in effect the ordinances adopted under previous laws (particularly when all acts on the subject matter were specifically repealed in the Revised Statutes, and more particularly Acts 15 of 1934, 17 of the 1st Extra Session of 1935, and 372 of 1948) it is our duty to follow the cannon of interpretation which requires that such construction not only be reasonable but lead to no absurd consequences. In my opinion, it seems reasonable to assume that the legislature, in the light of the above-mentioned deletion, intended to provide a uniform penalty for all such violations, that is, a maximum fine of $100 and imprisonment of not more than 30 days, or both. This, in my opinion, would be a reasonable construction of the saving clause, leading to no absurd consequences and consonant with sound logic and reasoning."
A statute which imposes criminal sanctions is to be strictly construed. Sevin v. Louisiana Wildlife and Fisheries Commission, 283 So.2d 690 (1973); State v. Gauthier, 263 La. 678, 269 So.2d 204 (1972).
R.S. 1:16 lists with specificity the types of prior governmental actions intended to be preserved: established departments, agencies, offices, funds, judicial proceedings commenced, penalties incurred or imposed. In light of this detail and under a rule of strict construction, the failure to list ordinances in the statute is fatal. The statute does not by its terms nor proper construction include ordinances such as that before us now.
We find that R.S. 1:16 does not operate to save a criminal ordinance which exceeds the current delegation of power from the legislature. The ordinance is invalid. Not only does it regulate and punish in excess of that permitted by statute, but it also is an exercise of local option on a parishwide basis which is no longer authorized by law.
State v. Beene, 263 La. 865, 269 So.2d 794 (1972); State v. Dunning, supra; State v. Wilson, supra; State v. Reed, supra; State v. Bradford, supra, are overruled to the extent that they conflict with this opinion.
We note that R.S. 26:588 was amended by Acts 1972 No. 705, § 1. Language added by the amendment purports to direct the manner in which the section is to be construed, and purports to "preserve those ordinances" prohibiting beverages of less than 3.2 per cent alcoholic content.
"To interpret laws is not a legislative, but a judicial function . . . uniformly observed . . ." (State Licensing Board for Contractors v. State Civil Service Commission, 240 La. 331, 123 So.2d 76, 78 (1960), and the authorities cited therein) and legislative interpretation is ineffective here.
The authority supporting those ordinances prohibiting beverages of less than 3.2 per cent alcoholic content was expressly repealed in 1950. That authority cannot be preserved; it can only be revived. The language of the amendment does not intend or accomplish revival. See, La.Const. Art. 3, § 17 (1921). Nor does R.S. 26:588 as amended refer to parish-wide prohibition ordinances.
For the reasons assigned, the conviction and sentence are reversed and the defendant is ordered discharged.
SANDERS, C. J., dissents with written reasons.
SUMMERS, J., dissents and assigns reasons.
MARCUS, J., dissents.
SANDERS, Chief Justice (dissenting).
In a uniform series of decisions beginning in 1951, this and other state courts have *528 held that the local option ordinances relating to the sale of alcoholic beverages, adopted by popular vote in some areas of the state, remained in effect after the enactment of the Revised Statutes in 1950. See State v. Bradford, 220 La. 176, 56 So.2d 145 (1951); State v. Reed, 220 La. 720, 57 So. 2d 413 (1952); State v. Wilson, 221 La. 990, 60 So.2d 897 (1952); State v. Dunning, 224 La. 204, 69 So.2d 16 (1953); 112 Grocery v. Cappel, La.App., 228 So.2d 157 (1969), cert. den. 255 La. 246, 230 So.2d 94 (1970); Melton v. Winn Parish Police Jury, La.App., 228 So.2d 58 (1969), cert denied 255 La. 153, 229 So.2d 734 (1970); State v. Beene, 263 La. 865, 269 So.2d 794 (1972), appeal dismissed 411 U.S. 961, 93 S.Ct. 2147, 36 L.Ed.2d 681 (1973).
In the latest case, State v. Beene, supra, decided by this Court less than two years ago, this point was fully briefed and the prior jurisprudence maintained. On appeal, the United States Supreme Court dismissed the appeal "for want of a substantial federal question." See 411 U.S. 961, 93 S. Ct. 2147, 36 L.Ed.2d 681.
During the period of more than twenty years in which this jurisprudence has prevailed, the Legislature has had numerous opportunities to correct it, if it was contrary to the legislative intent. It has not done so. Instead in Act No. 705 of 1972 (LSA-R.S. 26:588), it has reaffirmed its intention to preserve the local option ordinances.
Today, despite the legislative reaffirmation, the majority sweeps aside the jurisprudence and holds that the local option ordinances were repealed or abrogated in 1950 by the enactment of the Louisiana Revised Statutes.
In my opinion, the decision strikes a blow at stability in the law. On the basis of the prior decisions, in which all contentions presented here have been fully answered, I record my dissent.
SUMMERS, Justice (dissenting).
I agree with the reasons assigned by the Chief Justice in his dissenting opinion.
When the Eighteenth Amendment was repealed in 1933 by the adoption of the Twenty-First Amendment to the United States Constitution, the States were again authorized to regulate intoxicating liquors. Pursuant to this authority Louisiana enacted Act 17 of 1935. It is a local option law granting to parishes, wards, or municipalities the right, by election held for the purpose, to determine that the business of selling alcoholic or intoxicating liquors shall not be licensed or permitted within its territory.
Acting upon the authority of this legislation, after a favorable vote of the majority of the people voting in Winn Parish at a special election called for the purpose, the local option ordinance in question in this litigation was duly adopted and promulgated by a unanimous vote of the Parish Police Jury on June 8, 1939. The ordinance prohibited the sale of alcoholic or intoxicating liquors containing more than one-half of one per cent of alcohol by volume.
Thereafter, the Legislature enacted Act 372 of 1948 providing that local ordinances could not thereafter prohibit the sale of beverages containing more than one-half of one per cent alcohol by volume, but not more than 3.2 per cent alcohol by weight. This Act, however, contained the following savings clause:
Nothing in this Act shall be construed or have the effect of vitiating or affecting any ordinance or statute previously adopted or enacted by any political subdivision declaring illegal or forbidding the manufacturing, producing, rectifying, blending, using, storing, distributing and selling of beverages containing alcohol of more than one-half of one per cent.
The substance of the 1948 Act, without the quoted savings clause, was thereafter incorporated into the Revised Statutes of 1950 as Sections 581 through 596 of Title 26.
In a number of cases in this Court and in our Courts of Appeal it was decided that the enactment of Sections 581 through 596 into Title 26 of the Revised Statutes, *529 without incorporating the savings clause of Act 372 of 1948, did not have the effect of vitiating any ordinances adopted under the authority of the 1935 Act. State v. Beene, 263 La. 865, 269 So.2d 794 (1972), appeal dismissed 411 U.S. 961, 93 S.Ct. 2147, 36 L.Ed.2d 681 (1973); State v. Dunning, 224 La. 204, 69 So.2d 16 (1953); State v. Wilson, 221 La. 990, 60 So.2d 897 (1952); State v. Reed, 220 La. 720, 57 So.2d 413 (1952); State v. Bradford, 220 La. 176, 56 So.2d 145 (1951); 112 Grocery v. Cappel, 228 So.2d 157 (La.App. 1969), cert. denied, 255 La. 246, 230 So.2d 94; Melton v. Winn Parish Police Jury, 228 So.2d 58 (La.App. 1969), cert. denied, 255 La. 153, 229 So.2d 734, where the identical ordinance under consideration in the case at bar was considered and upheld.
These holdings are supported by Section 16 of Title I of the Revised Statutes. That section enacts a rule of construction declaring that the Revised Statutes "shall be construed as continuations of and as substitutes for the laws or parts of laws which are revised or consolidated herein." The section mandates that the adoption of the Revised Statutes shall not affect, among others, any rights acquired prior to the effective date. Thus, the omission of the savings clause of the 1948 parent Act from the Revised Statutes does not have the effect of divesting rights reserved and vested in the localities where local option ordinances were adopted in accordance with the authority of the 1935 Act. Those rights were specifically reserved by the savings clause of the 1948 Act; the rights so acquired and the ordinances so adopted were not nullified or repealed by the inclusion of the substance of the 1948 Act in the Revised Statutes.
In this Court's most recent decision involving the proposition, the original opinion of the majority declared a local option ordinance of Claiborne Parish similar to the Winn Parish ordinance unconstitutional. Obviously alarmed by that opinion, the Legislature then in session adopted Act 705 of 1972 (La.R.S. 26:588) on July 12, 1972. The Act reads as follows:
Prohibition of the sale of any or all alcoholic beverages by a local option election held pursuant to this Chapter shall not operate as a prohibition of the manufacturing, producing, using, distributing, storing, or selling of beverages containing more than one-half of one percent alcohol by volume but not more than three and two-tenths percent alcohol by weight. Provided, however, this section shall not be construed as or have the effect of vitiating or affecting any ordinances adopted prior to 1948 by any political subdivision which prohibited the sale of beverages containing alcohol of more than one-half of one percent by volume; to preserve those ordinances of local subdivisions that prohibited the sale of beverages containing under 3.2 percent alcohol which were adopted prior to and were in effect in 1948; and any court decisions to the contrary are legislatively overruled.
In the meantime, a rehearing was granted in the Beene case and, on rehearing, the validity of the local option ordinance of Claiborne Parish was upheld upon the ample authority of previous decisions on the same subject. No consideration was given to Act 705 of 1972 for undoubtedly we felt that the Act could have no effect on the facts of the Beene case which occurred prior to its enactment, and for the additional reason that we found the issue to be clearly in favor of upholding the local option ordinance under consideration. Furthermore, we were fully in accord with the mandate of the 1972 Act. Our decision in the Beene case was approved by the United States Supreme Court when it dismissed an appeal in the matter (411 U.S. 961, 93 S. Ct. 2147, 36 L.Ed.2d 681 (1973)).
It was about this time, July 20, 1973, that the defendant in this case at bar sold whiskey in violation of the Winn Parish Ordinance. She was charged on September 7, 1973, and thereafter prosecuted, convicted *530 and sentenced on September 24, 1973. The majority now finds that the ordinance is invalid, overrules the many decisions on the subject and upsets the settled law of this State. The Court's action is based upon the holding that the savings clause of the 1948 Act "was specifically repealed" by enactment of the Revised Statutes. But nowhere in the opinion is any language of the Revised Statutes pointed to which "specifically repealed" the savings clause. To the contrary, it is clear that Section 1 of Title 16 of the Revised Statutes is itself a savings clause. It reads:
The Louisiana Revised Statutes of 1950 shall be construed as continuations of and as substitutes for the laws or parts of laws which are revised and consolidated herein. The adoption of these Revised Statutes shall not affect the continued existence and operation, subject to the provisions hereof, of any department, agency, or office heretofore legally established or held, nor any acts done, any funds established, any rights acquired or accruing, any taxes or other charges incurred or imposed, any penalties incurred or imposed, or any judicial proceedings had or commenced prior to the effective date of these Revised Statutes. (emphasis added).
However, notwithstanding the error of the Court's reasoning, certainly after the enactment of Act 705 of 1972 the Act of 1948 and the prior sections of the Revised Statutes on the subject became entirely irrelevant and immaterial to a prosecution based on a July 20, 1973 violation more than a year after the enactment of the 1972 Act.
The Act of 1972, therefore, is not an attempt to interpret laws by the Legislature. This case does not involve a violation which occurred prior to the 1972 Act based upon laws enacted prior to 1972. It involves, instead, a violation occurring more than a year after the passage of the 1972 Act.
Nor is the 1972 Act an attempt by the Legislature to revive or amend a law by reference to its title contrary to Section 17 of Article III of the Constitution as the opinion seems to hold. To the contrary, the Act of 1972 specifically and in great detail enacted the identical proposition contained in the savings clause of the 1948 Act. not by "reference" but by explicit and detailed language complete within itself and without referring to the Act of 1948 in any respectmerely employing the same date (1948) as the point in time prior to which local option ordinances such as the one before us are preserved.
When the 1972 Act became effective the local option ordinance had been enacted and had been repeatedly upheld by this Court. It had never been repealed and it was not necessary to revive it. Not until the decision in the case at bar has it ever been held that the ordinance was repealed. And this pronouncement, of course, comes more than a year after the 1972 Act. There was no reason, in 1972, therefore, why the Legislature could not then solidify its intention by further clarifying legislation on the subject. In so doing the Legislature made its intention abundantly clear.
Thus, in my view, the Act of 1972 is the sole authority to which this Court should look to determine the validity of this ordinance. Moreover, this decision of the Court utterly nullifies the authority of the 1972 Act in this adjudication. The decision does so on the dual and erroneous premise that the Act of 1972 is interpreting the law in this case and the Act of 1972 is reviving a law by reference to its title.
The refusal of this majority to abide by the clear and explicit intention of the Legislature in this matter is not explained by the law or reason relied upon in its opinion. I would uphold the ordinance and sustain the conviction and sentence.