REDMANN, Judge.
Plaintiffs appeal from refusal of injunction against enforcement of a St. John the Baptist Parish Ordinance (of March 7, 1968) prohibiting the sale of all fireworks, under which defendant sheriff had ordered their fireworks stores closed June 25, 1975.
The trial judge mistook La.R.S. 51:659’s authority to parishes to require $25 licenses as authority to refuse to allow sales.
State law, R.S. 51:652 B, positively authorizes sale of specified fireworks “from June 25 through July 5 and December 15 through January 1 of each year . . . .” The parish ordinance cannot contravene state law; La.Const. art. 6 § 7 (A) ; State v. Sissons, La. 1974, 292 So.2d 523.
At oral argument, defense counsel noted the postincident authorization to the Parish by Acts 1975, No. 31, of complete prohibition of fireworks, and the subsequent passage of parish ordinances relating to fireworks. These changes may render moot the question whether, on the basis of prior law, the prior ordinance should have been enjoined. But the question of costs of court remain, as does the question (not governed by the summary proceedings thus far had) of damages demanded by both sides to this litigation.
Under C.C.P. 2164’s authority to render the appropriate judgment on the record, the judgment appealed from is set aside and there is judgment declaring the ordinance of March 7, 1968 invalid insofar as it prohibited all firework sales between June 25 and July 5 and December 15 and January 1 of each year. All costs are to be paid by defendant Sheriff insofar as chargeable under law to him.