STOKER, Judge.
Plaintiff, Dewey James Helverson, brings this mandamus suit to compel the defendants, the Sheriff of Rapides Parish, the Rapides Parish Police Jury and the Secretary-Treasurer of the Police Jury, to issue him a permit to sell beer. The trial court dismissed plaintiff’s petition for the writ of mandamus. Plaintiff appeals.
The issue presented by this appeal is whether Section 4-108 of the Rapides Parish Code of Ordinances which prohibits within certain wards of Rapides Parish, Louisiana, the sale of beer with an alcohol content of greater than one-half of one per cent by volume but less than six per cent by volume is valid.
Plaintiff seeks to obtain a permit to sell beer as a part of his business, the Sunrise Grocery. This store is located in Ward Nine of Rapides Parish. The Rapides Parish Police Jury and the Sheriff of the parish refuse to issue a permit to the plaintiff *517 because of the dry ward ordinance which allegedly prohibits the sale of beer in Ward Nine.
THE HISTORY OF LOCAL OPTION LEGISLATION
The ordinance upon which they rely is Section 4-108 of the Rapides Parish Code of Ordinances.[1] It was adopted in 1940 pursuant to Act 17 of the First Extraordinary Session of 1935 of the Louisiana Legislature, the local option statute effective at that time. This act permitted local option elections in wards, parishes, and municipalities. These subdivisions through local option elections could prohibit the sale of beverages with an alcohol content between one-half of one per cent and six per cent by volume or those with an alcohol content greater than six per cent or both. The act authorized wards, parishes, and municipalities to prescribe penalties for violations not to exceed a $500 fine or imprisonment for six months or both.
Act 372 of 1948 amended the local option law of 1935. Wards, incorporated villages, towns, and cities could conduct local option elections but could not ban the sale of beverages containing more than one-half of one per cent and not more than three and two-tenths per cent of alcohol by weight.[2] Section 17 of the act repealed all laws on the same subject but saved those local ordinances in effect at that time which prohibited the sale of beverages containing more than one-half of one per cent of alcohol by volume.
Act 372 of 1948 was expressly repealed by the Legislature in 1950. The local option provisions were codified as LSA-R.S. 26:581 through 595. The savings clause of Section 17 of Act 372 of 1948 was deleted from the Revised Statutes.
As enacted in 1950 LSA-R.S. 26:581 through 595 permitted the exercise of local option by any ward or incorporated municipality. LSA-R.S. 26:588 prohibited local options affecting beverages containing more than one-half of one per cent alcohol by volume but not more than three and two-tenths per cent alcohol by weight. Parish wide local options were prohibited. Penalties for violations were limited to a fine not to exceed $100 or imprisonment for thirty days or both.
LSA-R.S. 26:588 was amended by Act 705 of 1972. This amendment purports to preserve ordinances prohibiting the sale of beverages with less than three and two-tenths per cent alcohol. In State v. Sissons, 292 So.2d 523 (La.1974) the Supreme Court deemed this an attempt at legislative interpretation and found the amendment ineffective.
The Legislature again amended the local option statutes in 1974. Acts 37, 325 and 648 of 1974 represent an attempt by the Legislature to overrule jurisprudence that held local option elections and ordinances invalid. Many of these provisions have been declared unconstitutional. See Nomey v. State, 315 So.2d 709 (La.1975) and Tolar v. State, 315 So.2d 22 (La.1975). In addition the jurisprudence holds those amendments not declared unconstitutional are to be applied prospectively only. See State v. Wright, 305 So.2d 406 (La.1974).
CONTENTIONS OF THE PARTIES
Plaintiff-appellant argues that the trial judge erred in relying on 112 Grocery v. Cappel, 228 So.2d 157 (La.App. 3rd Cir. 1969), writ refused, 255 La. 246, 230 So.2d 94 (1970). Plaintiff contends the control *518 ling cases are State v. Sissons, supra; State v. Wright, supra; Tolar v. State, supra; and Froeba v. State, Dept. of Public Safety, 369 So.2d 727 (La.App. 3rd Cir. 1979), writ refused, 371 So.2d 615 (La.1979).
The defendant Police Jury maintains that the Louisiana Legislature in adopting the Revised Statutes of 1950 did not intend to invalidate local ordinances passed prior to 1948 which prohibited the sale of alcoholic beverages containing less than three and two-tenths per cent alcohol by weight. Defendant urges us to follow those cases which upheld local ordinances by virtue of LSA-R.S. 1:16. See State v. Bradford, 220 La. 176, 56 So.2d 145 (1951); State v. Wilson, 221 La. 990, 60 So.2d 897 (1952); State v. Dunning, 224 La. 204, 69 So.2d 16 (1953); and 112 Grocery v. Cappel, 228 So.2d 157 (La.App. 3rd Cir. 1969).
STATUS OF LOCAL OPTION AS DECIDED BY THE LOUISIANA SUPREME COURT
State v. Sissons, supra; controls our decision in this case. In State v. Sissons, the Supreme Court dealt with the validity of a parish-wide ordinance adopted in Winn Parish in 1939. This ordinance prohibited the sale of alcoholic beverages containing more than one-half of one per cent of alcohol by volume. The court held that the Revised Statutes of 1950 invalidated the ordinance. The Supreme Court rejected the reasoning of prior cases, including State v. Dunning, supra; State v. Wilson, supra; and State v. Bradford, supra; which held that LSA-R.S. 1:16 acted as a general savings clause protecting local option ordinances passed prior to the enactment of the 1950 Revised Statutes. The Louisiana Supreme Court’s holding in Sissons had the effect of invalidating local option ordinances which were adopted prior to 1948 and which prohibited the sale of beverages containing more than one-half of one per cent alcohol by volume.
Section 4-108 of the Rapides Parish Code of Ordinances attempts to prohibit the sale of beverages with an alcohol content of more than one-half of one per cent. This ordinance is invalid because it conflicts with LSA-R.S. 26:588 as enacted in 1950 which provided that beverages with an alcohol content of more than one-half of one per cent alcohol by volume but less than three and two-tenths per cent alcohol could not be regulated by local option. Since Section 4-108 is invalid the denial of a permit to sell beer based on this ordinance is not warranted. See Harper v. State, Department of Revenue, 328 So.2d 669 (La.1976).
For the foregoing reasons, we must reverse the trial court. Despite the Supreme Court’s holding in State v. Sissons, supra; and later cases, the learned trial judge erroneously concluded that the decision of this court in 112 Grocery v. Cappel, 228 So.2d 157 (La.App. 3rd Cir. 1969), writ refused, 255 La. 246, 230 So.2d 94 (La.1970) is still viable and controlling. In that 1969 case this court upheld a “dry” ordinance adopted by the Rapides Parish Police Jury as a result of a local option election. The plaintiff in 112 Grocery v. Cappel sought by a mandamus suit to compel the Sheriff of Rapides Parish and other public officials to issue plaintiff an alcoholic beverage retail license to sell beer of 3.2 per cent alcoholic content. The Supreme Court denied writs. As we noted in 1969 when we decided 112 Grocery v. Cappel the decisions of the Louisiana Supreme Court supported our decision. We cited the Supreme Court cases of State v. Dunning, supra; State v. Wilson, supra; and State v. Bradford.
In State v. Sissons, supra; the Louisiana Supreme Court reversed itself and specifically overruled the three Supreme Court cases we relied upon in 112 Grocery v. Cappel, supra; along with its case of State v. Beene, 263 La. 865, 269 So.2d 794 (1972). It should be axiomatic, we think that we, as an intermediate appellate court, are bound by decisions of the Louisiana Supreme Court which construe the statutes of this state. See Heidecker v. Fidelity & Casualty Co. of New York, 153 So. 35 (La.App. 2nd Cir. 1934); State, ex rel. Fernandez v. Feucht, 163 So. 761 (Orl.App. 1935); Jordan v. Life General Security Insurance Company, 333 So.2d 732 (La.App. 4th Cir. 1976), *519 writ denied, 337 So.2d 219 (La.1976). The cases are legion which hold that Courts of Appeal are bound to follow decisions of the Louisiana Supreme Court. See for example Lombardo v. Argonaut Insurance Company, 354 So.2d 731 (La.App. 4th Cir. 1978), writ denied, 355 So.2d 1325 (La.1978).
We would not belabor this point were it not for the fact that the reasons for judgment assigned by the learned trial court took the position that 112 Grocery v. Cappel was still valid law despite State v. Sissons. This position was based on the fact that the Supreme Court did not overrule that case by name in State v. Sissons nor did we do so in our case of Froeba v. State, Department of Public Safety, supra. In Sissons, the Supreme Court specifically stated it was overruling certain cases previously decided by it. This was entirely appropriate as the Supreme Court was pronouncing a new interpretation of statutes contrary to its own previous interpretation. The Supreme Court of this State is not required to ferret out all previously decided cases of the intermediate appellate courts of the state in conflict with a decision being announced and specifically overrule them.
If, however, there should be any doubt about the matter, the dissenting opinion of Chief Justice Sanders in Sissons leaves no doubt but that the Supreme Court majority in Sissons did indeed overrule 112 Grocery v. Cappel. In his dissent Chief Justice Sanders said:
“In a uniform series of decisions beginning in 1951, this and other state courts have held that the local option ordinances relating to the sale of alcoholic beverages, adopted by popular vote in some areas of the state, remained in effect after the enactment of the Revised Statutes in 1950. See ... 112 Grocery v. Cappel, La.App., 228 So.2d 157 (1969), cert. den. 255 La. 246, 230 So.2d 94 (1970) . . .
******
Today, despite the legislative reaffirmation, the majority sweeps aside the jurisprudence and holds that the local option ordinances were repealed or abrogated in 1950 by the enactment of the Louisiana Revised Statutes.”
For the foregoing reasons, the trial court was in error when it held that it was bound to follow our decision in 112 Grocery v. Cappel, supra. The Supreme Court case of State v. Sissons did overrule 112 Grocery v. Cappel, supra; and the district court, as well as this Court of Appeal, must follow the Sissons case as we did in the Froeba case.[3]
In an excellent brief learned counsel for the defendant-appellee, the Rapides Parish Police Jury, has attacked the validity of State v. Sissons and later decisions of the Louisiana Supreme Court, charging that the highest court of this State has frustrated the legislative will' and that its decisions are in error. On behalf of the Policy Jury it is urged that decisions rendered prior to the Sissons case properly interpret the legislative intent and that later enactments of the Louisiana Legislature confirm that intent. That intent, so it is urged, was that prior legislation, particularly the legislation adopting the Revised Statutes of 1950, contained a savings clause preserving ordinances such as the one before us. Inasmuch as our highest court has ruled on that *520 very point in Sissons, that argument cannot be considered by us and must be addressed to the Louisiana Supreme Court. For the reasons we have already given we are bound by the interpretation of that court.[4] Holland v. Buckley, 287 So.2d 599 (La.App. 2nd Cir. 1973), writ issued, 288 So.2d 639 (La.1974), reversed, 305 So.2d 113 (La.1974) decision on remand, 312 So.2d 356 (La.App. 2nd Cir. 1975). In this connection see the comments of the Supreme Court majority in the Sissons case regarding the respective roles of the Legislature and of the Supreme Court of this State in interpreting legislation. 292 So.2d at 527.
CONCLUSION
Under the circumstances of this case, we are compelled to reverse the trial court inasmuch as plaintiff-appellant is entitled to the grant of a license provided he is otherwise qualified under law.
For the foregoing reasons the judgment of the trial court is reversed; this case is remanded to the trial court for further proceedings consistent with the views expressed herein.
Costs of this appeal are assessed to defendant-appellee, Rapides Parish Police Jury.
REVERSED AND REMANDED.

. Section 4-108 of the Rapides Parish Code of Ordinances reads as follows:
It shall be unlawful for any person, firm, association of persons, corporation, or any one else to produce, manufacture, rectify, blend or handle, sell, use, distribute, store or consume, beer, porter, ale, fruit juices, wine, malt, vinous, spirituous alcoholic or intoxicating liquors containing more than one-half of one per cent (V2 of 1%) of alcohol by volume, but not exceeding six per cent (6%) of alcohol by volume, otherwise than when prescribed by a licensed physician as medicine, within Wards Nine, Ten and Eleven of Rapides Parish, Louisiana. (Ord. of 9-11-40, § 1)

. This Act also authorized these subdivisions to prohibit the sale of beverages with an alcoholic content of greater than six per cent.

. It is interesting to note that the decision of this Court of Appeal in 112 Grocery v. Cappel, supra; was written by Judge Albert Tate, Jr. while he was a member of and Chief Judge of this court. Later as a Justice of the Louisiana Supreme Court he was a member of the majority in State v. Sissons, supra; which reversed the prior jurisprudence. Also while he was a member of that court, Justice Tate wrote the decision of the Louisiana Supreme Court in Harper, Department of Revenue, supra; in 1979 which reversed this Court of Appeal in a case presenting facts almost identical to those of this case before us. In Harper we had attempted to uphold a dry ordinance by distinguishing Sisson on the ground that it applied only to cases involving criminal penalties and did not apply to civil proceedings in which permits to sell certain alcoholic beverages were denied. Justice Tate, for the Supreme Court majority, reversed our decision and held there was no jurisprudential reasoning for our interpretation in Harper. Inasmuch as Harper is directly contra to 112 Grocery v. Cappel, the latter case is clearly no longer the law.

. Justice Dixon (now Chief Justice) writing for the majority in Sisson said:
“The authority supporting those ordinances prohibiting beverages of less than 3.2 per cent alcoholic content was expressly repealed in 1950. That authority cannot be preserved; it can only be revived. The language of the amendment does not intend or accomplish revival.”