331 So.2d 872 (1976)
Frank DAVIS, Plaintiff-Appellant,
v.
CALDWELL PARISH POLICE JURY et al., Defendants-Appellees.
No. 12882.
Court of Appeal of Louisiana, Second Circuit.
April 19, 1976.
Rehearing Denied May 24, 1976.
Writ Refused July 2, 1976.
*873 Allan L. Placke, Monroe, for plaintiff-appellant.
Don C. Burns, Columbia, for defendant-appellees.
Before PRICE, HALL, and MARVIN, JJ.
En Banc. Rehearing Denied May 24, 1976.
PRICE, Judge.
Frank Davis has appealed from the judgment of the District Court rejecting his request for a writ of mandamus to compel the Caldwell Parish Police Jury to issue him a permit to sell packaged liquor of high alcoholic content in Ward Two of Caldwell Parish. Prior to a reapportionment of the wards in Caldwell Parish in June 1972, the location for which plaintiff seeks a permit was in Ward Four. This Ward was voted dry in 1954. Under the realignment of ward lines, this part of Ward Four was merged into Ward Two, which legally permitted the sale of alcoholic beverages.
The question thus presented is whether the prior "dry" area of Ward Four became legally "wet" at the time of merger.
The district judge relied on the decision in Blanchard v. Gauthier, 248 La. 1107, 184 So.2d 531 (1966) in rejecting plaintiff's demands. Gauthier held a "dry" area remains "dry" even when merged into a "wet" area.
Appellant contends the enactment in 1968 of LSA-R.S. 26:582.1 has overruled the rationale of the Gauthier case. This statute reads as follows:
A. When a portion of a ward or municipality is annexed or made a part of another ward, municipality or city-parish government having a population of one hundred thousand or more, the portion annexed or made a part of shall take on the legal sales characteristics, as provided in this Chapter, of the ward, municipality or city-parish government to which it is annexed or made a part of; provided, however, that this section shall not apply to any ward, municipality, or city parish government, or any portion of any of these, located within the Parish of Ouachita.
B. The provisions of R.S. 26:582.1 shall be applicable to any election previously called under Title 26 or any other local option law and to any territory covered by such election which has subsequently been merged with another ward, incorporated municipality or portion thereof or whose boundary has been changed, it being the intention of this act that the sale of beverages covered by Chapter 26 be permitted or prohibited *874 only in an entire ward or incorporated municipality and not in any portion thereof.
The plaintiff argues that paragraph B of this statute does not allow the sale of alcoholic beverages to be prohibited in a portion of a ward. We find a proper interpretation of this statute requires that paragraphs A and B be read together. Paragraph A limits the applicability of this section of the revised statutes to wards or municipalities having a population of 100,000 or more. Paragraph B merely amplifies the provisions of the preceding paragraph. While paragraph B does restrict the permission or prohibition of the sale of alcoholic beverages in only a portion of a ward, we interpret this to be subject to the population limitations of paragraph A.
It is undisputed that Ward Two of Caldwell Parish contains a population of less than 100,000.
We therefore find the decision of Blanchard v. Gauthier controlling on the right of plaintiff to procure a permit to sell alcoholic beverages in the subject area and that the District Court was correct in upholding the action of the Police Jury in rejecting plaintiff's application.
Accordingly, the judgment appealed from is affirmed at appellant's costs.