WATSON, Judge.
The plaintiff, City of Natchitoches, petitioned successfully for a permanent injunction against defendant, The Keg of Northwestern, Inc., prohibiting the defendant from selling alcoholic beverages containing more than six per cent of alcohol by volume for consumption on the premises. Defendant has appealed from the judgment of the district court granting the injunction.
MOTION TO DISMISS
Plaintiff has moved to dismiss the appeal on the ground that the appellant failed to timely post the estimated costs of the appeal as required by LSA-C.C.P. art. 2126. When the record of appeal has been lodged timely with the appellate court, together with the filing fees, the question of appellant’s failure to pay timely the costs and fees required is moot. Succession of Nunez ex rel First Nat. B. of A. v. Pickett, 335 So.2d 778 (La.App. 3 Cir. 1976). Appeals are favored and will be maintained absent a clear showing of a legal ground for dismissal. Davidge v. Magliola, 346 So.2d 177 (La., 1977). The motion is denied.
MERITS
The facts relating to the injunction are not disputed and were stipulated by the parties. They will be quoted as follows:
“I.
The plaintiff herein is THE CITY OF NATCHITOCHES, who is seeking a writ of injunction against the defendant to prohibit the defendant from selling mixed drinks and other alcoholic beverages containing more than 6% of alcohol by volume for consumption on the premises in violation of Ordinance No. 503~y2 of April 13, 1949, of the City of Natchitoches.
“II.
It is stipulated that Ordinance No. 503V2 of April 13, 1949, was passed pursuant to the promulgation of a local option election held exclusively within the City of .Natchitoches on the 5th day of April, 1949.
“III.
It is further stipulated that the copies of the Ordinance and the proces verbal of election which are attached to the original petition are true and correct copies of same, duly certified.
“IV.
It is further stipulated that the defendant, THE KEG OF NORTHWESTERN, INC., is the owner and operator of an establishment known as ‘The Keg’, located within the city limits of Natchitoches, on Louisiana By-Pass Highway 3110.
“V.
*468 It is further stipulated that the ‘The Keg’ commenced, on or about the 26th day of November, 1976, to sell to its customers mixed drinks and other alcoholic beverages containing more than 6% of alcohol by volume for consumption on the premises and that ‘The Keg’ has continued to make such sales through the date of this stipulation.
“VI.
It is further stipulated that THE KEG OF NORTHWESTERN, INC., has a permit from the State of Louisiana, Department of Public Safety, Commission on Alcoholic Beverage Control, to sell alcoholic beverages, high alcoholic content, on premises, Class A, retail, and that said permit was issued after November 8, 1976, and prior to November 26, 1976.
“VII.
It is further stipulated that the City of Natchitoches has no ordinance requiring a permit for the sale of alcoholic beverages containing more than 6% of alcohol by volume for consumption on the premises.” (TR. 19-20).
The issue posed is whether Ordinance 503V2 is now valid and enforceable. Stated more precisely, the issue is whether the ordinance, which prohibits sale of alcoholic beverages containing more than 6% of alcohol by volume for consumption on the premises, which was enacted lawfully pursuant to statutes in effect in 1949, is now valid and enforceable.
The resolution of the issue is controlled by LSA-R.S. 26:581-595 and the case of State v. Sissons, 292 So.2d 523 (La., 1974).
There is no contention that Ordinance no. 503V2 was not valid at the time of its enactment, and statutes and ordinances carry a presumption of validity.
However, appellant contends that no. 503V2 is not valid for two reasons: (1) the Revised Statutes of 1950 had the effect of repealing the ordinance; and (2) no. 503V2 conflicts with LSA-R.S. 26:581-595, the current local option statutes.
As to the first argument, that the adoption of the Revised Statutes of 1950 had the effect of repealing the ordinance, appellant does not cite any authority. The wording of State v. Sissons, 292 So.2d 523 (La., 1974), is quoted to the effect that the previous local option statutes were repealed by the adoption of the Revised Statutes in 1950 and that a savings clause was not included. It does not follow that all local option ordinances were repealed and Sissons does not stand for that proposition. Sissons says the following:
“The power to regulate traffic in alcoholic beverages is vested in the State and the legislature may delegate such power to political subdivisions of the State, [citations omitted] However, by so delegating the State does not surrender its power and the legislature can at any time alter or recall the delegated power, [citations omitted] Generally, a police regulation of a subdivision of the State enacted pursuant to authority delegated by the State cannot exceed the grant of authority and must fall when it conflicts with State law.” 292 So.2d 525-526
The Supreme Court in Sissons went on to examine the Winn Parish ordinance in question in that case and to compare it with the provisions of LSA-R.S. 26:581-595 to determine whether there was a conflict and whether the ordinance was, therefore, invalid. See also State v. Wright, 305 So.2d 406 (La., 1974).
The analytical technique used by the Supreme Court in Sissons demonstrates that appellant’s first argument is without merit and brings us to a consideration of the second argument.
The thrust of appellant’s argument, that no. 503V2 is in conflict with the current statutes on local option, is that the wording on the ballot used in the local option is different from the wording currently required by LSA-R.S. 26:587. Again, we find no authority for the contention that the wording in the 1949 election must have been the same as that later provided by LSA-R.S. 26:587.
However, it is appropriate to examine the Sissons ease to test Ordinance no. 503V2. Here are the tests applied in Sissons:
*469 “The ordinance before us exceeds the legislative delegation of power in the following respects:
“(1) It is an exercise of local option on a parish-wide basis in contravention of R.S. 26:582.
“(2) It purports to prohibit beverages with an alcoholic content which by the terms of R.S. 26:588 may not be regulated by local prohibition.
“(3) The penalties under the ordinance grossly exceed those allowed under R.S. 26:595.” 292 So.2d 526
The Natchitoches ordinance is not on a parish-wide basis; it regulates beverages which may be regulated under LSA-R.S. 26:588; and it contains no penalties and is therefore not in excess of those allowed by LSA-R.S. 26:595.
Thus, the Natchitoches ordinance does not fail on any of the tests applied in Sis-sons and does not bear any of the infirmities of the ordinance declared invalid in Sissons.
There is no merit in the specifications of error and the judgment is affirmed for the reasons assigned. Costs are taxed against appellant.
AFFIRMED.
HOOD, J., concurs in the result.