369 So.2d 727 (1979)
William FROEBA et al., Plaintiffs-Appellants,
v.
STATE of Louisiana, DEPARTMENT OF PUBLIC SAFETY, OFFICE OF ALCOHOLIC BEVERAGE CONTROL, et al., Defendants-Appellees.
No. 6916.
Court of Appeal of Louisiana, Third Circuit.
March 7, 1979.
Writ Refused April 9, 1979.
*728 Whitehead & McCoy, C. R. Whitehead, Jr., Natchitoches, for plaintiffs-appellants.
Watson, Murchison, Crews & Arthur, William P. Crews, Jr., Natchitoches, for defendants-appellees.
Before WATSON, SWIFT and STOKER, JJ.
STOKER, Judge.
This is a suit for judicial review of the denial by the Office of Alcoholic Beverage Control (ABC) of plaintiffs' application for a permit to sell alcoholic beverages at retail. ABC gave the following reasons for the denial of plaintiffs' application:
"This application is being denied under LRSA 26:80B for the reason the location is in an area where issuance of Class A permits is prohibited by referendum vote." [1]
The issue in this case is whether the local option ordinance of the City of Natchitoches purporting to prohibit the sale of alcoholic beverages, other than beer, for consumption on the premises applies to the plaintiffs' place of business, "The Town House".
The District Court found that the local ordinance was applicable to the plaintiffs and upheld the ABC's refusal to grant plaintiffs a liquor permit. From this holding, plaintiffs appealed.
As this case was tried by stipulation together with some documentary evidence, there is no dispute as to the facts and only questions of law are presented on appeal. The trial stipulation entered into by the parties, plaintiffs William Froeba and Mike Joyner, and defendants, City of Natchitoches and the State of Louisiana, Department of Public Safety, Office of Alcoholic Beverage Control, reads as follows:

TRIAL STIPULATION
The following stipulations of fact are made by and between plaintiffs, William Froeba and Mike Joyner, through their undersigned counsel, by the defendants, State of Louisiana, Department of Public Safety, Office of Alcoholic Beverage Control, through its undersigned attorney, and the City of Natchitoches, Louisiana, through its undersigned attorney.

1.
Plaintiffs are the present lessees of the Town House property located on Highway One South in Natchitoches, Louisiana, and they have filed an application with the State of Louisiana, Department of Public Safety, Office of Alcoholic Beverage Control, to obtain a Class A Retail Permit which would permit them to sell alcoholic beverages of high content by the drink at this location. (A copy of the plaintiffs' lease and a copy of the description of the property on which the leased premises are located are to be offered by the plaintiffs at trial without objection.)

*729 2.
This permit was denied solely on the grounds that plaintiffs' business premises are located in an area where the issuance of a Class A Permit is prohibited by a valid ordinancein this case, an ordinance of the City of Natchitoches, Louisiana.

3.
The present city ordinance which prohibits the sale of high alcoholic beverages by the drink in the City of Natchitoches, Louisiana, is Ordinance No. 503½, passed April 13, 1949, pursuant to a local option election held April 5, 1949. Since April 5, 1949, there have been no other elections in the City of Natchitoches, Louisiana for the purpose of regulating the sale of alcoholic beverages. A certified copy of Ordinance No. 503½ will be offered at the hearing in this matter by the defendant, City of Natchitoches, with agreement of all parties to this stipulation.

4.
The Town House property on which plaintiffs' business premises is located was annexed into the municipal limits of the City of Natchitoches, Louisiana, by Ordinance No. 542, passed June 28, 1950, to be published in the Natchitoches Times on June 29, 1950, and to become effective thirty days after publication. A copy of Ordinance No. 542, passed June 28, 1950, will be offered by plaintiffs without objection and with the consent of all parties to this stipulation.

5.
The Town House property is located in Ward One of the Parish of Natchitoches, Louisiana, prior to its annexation into the city limits of Natchitoches, Louisiana.

6.
On November 17, 1943, pursuant to a parish-wide referendum election held on October 5, 1943, the following ordinance was passed:

"AN ORDINANCE
By Mr. Gibson seconded by Mr. Martin
Prohibiting the sale or keeping for sale of intoxicating liquors in the Parish of Natchitoches, State of Louisiana, and providing penalties for the violation of this ordinance and repealing conflicting ordinances.
SECTION I. Be it Ordained by the Police Jury of Natchitoches Parish, Louisiana, convened in regular session that in accordance with the will of the people of Natchitoches Parish, Louisiana as expressed in an election held on the 5th day of October, 1943, the results of which were promulgated on October 6th, 1943, by this Police Jury, the sale or keeping for sale, of intoxicating liquors of more than one-half of one per centum of alcohol by volume, for beverage purposes, is hereby prohibited within Natchitoches Parish, Louisiana, under the provisions of Act 17 of the First Extra Session of the Louisiana Legislature for the year of 1935.
SECTION II. Be It Further Ordained by the Police Jury of Natchitoches Parish, Louisiana, convened in regular session that whoever shall sell or keep for sale, any intoxicating liquors for beverage purposes of more than one-half of one per centum by volume in the Parish of Natchitoches, State of Louisiana, shall on conviction be punished by a fine of not less than One Hundred Dollars ($100.00) nor more than Five Hundred Dollars ($500.00) or by imprisonment of not less than Thirty (30) days, nor more than Six (6) Months additional, or both within the discretion of the Court and that for a second or subsequent offense the said penalties may be doubled in the discretion of the Court.
SECTION III. Be It Further Ordained by the Police Jury of Natchitoches Parish, Louisiana, convened in regular session that this ordinance shall be in full force and effect on and after the 1st day of January, 1944.

*730 SECTION IV. Be It Further Ordained by the Police Jury of Natchitoches Parish, Louisiana, convened in regular session that all ordinances or parts of ordinances in conflict herewith be and the same are hereby repealed."
A certified copy of the said ordinance will be offered by the plaintiffs at the hearing on this matter without objection and with consent of all parties to this stipulation.
On the basis of these facts, plaintiffs argue that the area annexed into the City of Natchitoches on June 28, 1950, is not bound by Ordinance 503½[2] of the city. Plaintiffs' reasoning is that under the case of State v. Sissons, 292 So.2d 523 (La.1974), Natchitoches Parish Ordinance 542 became invalid when the Revised Statutes became effective May 1, 1950, in that "it is an exercise of local option on a parish-wide basis in contravention of [LSA-R.S.] 26:582". Plaintiffs argue that on May 1, 1950, as a result of there no longer being a valid local option ordinance for the Parish of Natchitoches, Ward One of the parish again became a "wet" area. In other words, Ward One reverted to its original non-dry status. Hence, plaintiffs assert that when that area of Ward One in which the Town House is now located was incorporated into the City of Natchitoches on June 28, 1950, it entered the city as a "wet" area. Citing the case of Blanchard v. Gauthier, 248 La. 1107, 184 So.2d 531 (1966), plaintiffs contend that since Ward One was "wet" when it was annexed into the city, it still retains that character until another valid local option election is held for the City of Natchitoches. Plaintiffs conclude that they should have been granted a Class A alcoholic beverage permit by the ABC.
As noted earlier, the trial judge affirmed the administrative ruling of ABC holding that the City of Natchitoches had obtained "vested rights" in the enforcement of ordinance 503½ by considering the sale of "liquor by the drink" illegal in the area in which the Town House is located. In this regard, the trial judge stated the following in his written reasons:
The City of Natchitoches prior to and since the Sissons case treated this area as a "dry" area in that . . . Ward one was also "dry" in 1950. Under the cases overruled by Sisson the City of Natchitoches acted properly. Therefore the locations of "The Town House" for the period 1950 to date of plaintiffs application was considered by the City of Natchitoches to be limited to sales of alcoholic beverages as was other areas of this city. This permitted uniformity in enforcement of the city's alcoholic beverages sales laws and the policing of the area. These and other activities of the city within the area have developed within the city certain vested rights.

I.
We have found no authority for the application of a vested rights theory in this case, and the District Court did not direct us to any. We are of the opinion that the District Court erred in holding that the City of Natchitoches has obtained "vested rights" in the enforcement of its local option ordinance which would allow it to prohibit "liquor by the drink" in the area annexed into the city on June 28, 1950. The Louisiana Supreme Court in State v. Sissons, supra, commented in this regard at 292 So.2d 525:
The power to regulate traffic alcoholic beverages is vested in the State and the legislature may delegate such power to political subdivisions of the state. See State v. Emerson, 197 La. 783, 2 So.2d 212 (1941); State v. Gardner, 198 La. 861, 5 So.2d 132 (1941). However, by so delegating the State does not surrender its power and the legislature can at any time alter or recall the delegated power. State v. Gardner, supra; State v. City of New Orleans, 151 La. 24, 91 So. 533 (1922). Generally, a police regulation of a subdivision of the State enacted pursuant to authority delegated by the State cannot exceed the grant of authority and *731 must fall when it conflicts with State law. See La.Const. Art. 14, § 40(d) (1921). Cf. City of Alexandria v. La Combe, 220 La. 618, 57 So.2d 206 (1952); State v. Bradford, 220 La. 176, 56 So.2d 145 (1951).
From this language in Sissons, it can be seen that the power of local governing bodies to prohibit liquor sales through the means of local option elections is a provisional grant of authority which the State may at any time recall. Under these circumstances, a local governing authority, such as the City of Natchitoches in this case, can never obtain "vested rights" in the enforcement of its local option ordinance.

II.
Despite the trial court's error in holding that the City of Natchitoches has vested rights in the enforcement of ordinance 503½ we have considered the possibility that the ordinance prohibiting certain liquor sales may, for other reasons, be applicable to the area annexed in 1950. Defendant-City argues that the Sissons case did not per se mandate the invalidity of Natchitoches Parish Ordinance 542. Hence, the City asserts that Ward One was not "wet" when it was annexed in 1950 and therefore, is not "wet" today. It can also be argued that when Ward One was annexed into the City of Natchitoches, it then took on the same character as the City, i. e., "dry" with regard to sales of liquor "by the drink".
In deciding whether ordinance 503½ is applicable to the plaintiffs' leased property for grounds other than that given by the trial court, a review of recent decisions of the Louisiana Supreme Court starting with the Sissons case is appropriate. In Sissons, the court was faced with deciding the validity of a parish-wide ordinance adopted in a 1939 local election in Winn Parish, which prohibited the sale of alcoholic beverages containing more than one-half of one per cent of alcohol by volume. The court found that this ordinance was invalidated by the adoption of the 1950 Louisiana Revised Statutes. The court held that it conflicted with the Revised Statutes in the following three respects:
(1) It is an exercise of local opinion on a parish-wide basis in contravention of R.S. 26:582.[3]
(2) It purports to prohibit beverages with an alcoholic content which by the terms of R.S. 26:588 may not be regulated by local prohibition.
(3) The penalties under the ordinance grossly exceed those allowed under R.S. 26:595.
In the case of State v. Wright, 305 So.2d 406 (La.1974) the court invalidated a parish-wide option ordinance of Franklin Parish on the same three grounds given in Sissons and quoted above. The court further held that the 1974 amendments to LSA-R.S. 26:582 allowing parish-wide local option elections could apply prospectively only.[4] The court stated at 305 So.2d 408 the following:
The 1974 legislation can operate prospectively only; it can render valid ordinances and local option elections contrary to the requirements which were violated in this case only if those elections and those ordinances occurred after the effective date of the 1974 Acts. However, these 1974 Acts cannot revive those elections and ordinances which we have already declared null and void on the basis of prior legislative action. (Emphasis theirs.)
In Tolar v. State, 315 So.2d 22 (La.1975) the court held that Act No. 325 of the 1974 Legislature, which attempted to amend LSA-R.S. 26:588 to preserve local ordinances adopted prior to 1948 which prohibited sales of liquor containing more than *732 one-half of one per cent alcohol by volume or under 3.2 per cent alcohol and to legislatively overrule any "court decisions to the contrary," was unconstitutional as being an attempt to reenact a law by reference to title and as being an ex post facto law.
All of the previously mentioned decisions were rendered in the context of a criminal prosecution or a threatened criminal prosecution. However, in Harper v. State, Department of Revenue, 328 So.2d 669 (La. 1976), the court held that a local ordinance admittedly invalid as a basis for criminal prosecutions likewise could not be used as grounds to deny the plaintiffs' application for a liquor permit.
Applying the above jurisprudence to the argument of the City of Natchitoches that the Natchitoches Parish Ordinance 542 was not invalidated by the passage of the Revised Statutes, it is obvious that such an argument must fail. Ordinance 542 is invalid in that "it is an exercise of local option on a parish-wide basis in contravention of LSA-R.S. 26:582." State v. Sissons, citation above. Since the amendment to LSA-R.S. 26:582 applies only to those elections held subsequent to its enactment in 1974, it has no effect on a decision in this case. State v. Wright, supra. Since we find that ordinance 542 did indeed become invalid as of the effective date of the Revised Statutes, May 1, 1950, it follows that when Ward One was annexed into the City on June 28, 1950, it was a "wet" area. This conclusion results from the fact that no valid local option election prohibiting liquor sales had been held in this area and thus liquor of any type could be sold in that area.

III.
However, having found that Ward One was "wet" when annexed into Natchitoches June 28, 1950, the question remains whether upon annexation Ward One acquired the "dry" character of the City of Natchitoches. In other words, by its assimilation into the corporate limits, did Ward One become subject to ordinance 503½ of the City of Natchitoches?
As noted earlier, plaintiffs rely on the case of Blanchard v. Gauthier, supra, in the assertion that an area annexed into the municipal limits of a city retains its past character as either "wet" or "dry". In Blanchard, the court was faced with a situation where Ward Ten of East Baton Rouge Parish was abolished, and then consolidated with other areas of the parish in the formation of Ward Three. Ward Ten had previously been designated as a "dry" area in a valid local election option by the population of that area. However, the areas with which the former Ward Ten was consolidated were all "wet" in character. Hence, plaintiff applied for a liquor permit based upon the assertion that Ward Ten took on the "wet" character of the remainder of the new Ward Three. However, the court rejected this argument and held that the area comprising the former Ward Ten retained its "dry" character until such time as an election in Ward Three was held to determine its status.
Plaintiffs also cite the case of Davis v. Caldwell Parish Police Jury, 331 So.2d 872 (La.App. 2nd Cir. 1976) in support of their argument that Ward One retained its "wet" status upon its annexation into the City of Natchitoches. In Davis, Ward Four of Caldwell Parish, a "dry" area, was merged into Ward Two, a "wet" area. Plaintiff applied for a permit to operate a liquor establishment in the old Ward Four area and was rejected. Plaintiff then sought a writ of mandamus to compel the police jury to approve his liquor license. The District Court denied the writ citing Blanchard. Plaintiff appealed arguing that the enactment of LSA-R.S. 26:582.1[5] had legislatively *733 overruled Blanchard and thus the former Ward Four did become "wet" upon its merger. The court rejected plaintiff's argument for the following reasons given at 331 So.2d 874:
The plaintiff argues that paragraph B of this statute does not allow the sale of alcoholic beverages to be prohibited in a portion of a ward. We find a proper interpretation of this statute requires that paragraphs A and B be read together. Paragraph A limits the applicability of this section to the revised statutes to wards or municipalities having a population of 100,000 or more. Paragraph B merely amplifies the provisions of the preceding paragraph. While paragraph B does restrict the permission or prohibition of the sale of alcoholic beverages in only a portion of a ward, we interpret this to be subject to the population limitations of paragraph A.
The court found that the areas involved had a population of less than 100,000 and therefore the former Ward Four retained its "dry" status subsequent to the merger.
In the present case, defendant-City relies on LSA-R.S. 26:582:1 for the proposition that Ward One took on the character of the City of Natchitoches upon its annexation. However, it was stipulated among the parties at trial that the population of the City of Natchitoches is something less than 20,000. Hence, if the court follows the Davis court's interpretation of 26:582.1, then it must find that the statute is inapplicable to this case.
We do adopt the reasoning in Davis and find the statute has no relevancy to this case, since the City of Natchitoches has a population of less than 100,000. Hence, the Blanchard case is still controlling and it mandates a finding that that part of Ward One of Natchitoches Parish which was annexed into the City retains its status as a "wet" area. From this conclusion, it follows that City of Natchitoches Ordinance 503½ is not valid grounds for denying plaintiffs a Class A liquor permit. Therefore, ABC erred in denying them such a permit and the District Court erred in affirming that decision.
For the foregoing reasons, the judgment of the district court is reversed, and judgment is hereby rendered in favor of plaintiff and against defendant, ordering defendant, State of Louisiana, Department of Public Safety, Office of Alcoholic Beverage Control, to issue plaintiffs, William Froeba and Mike Joyner, a Class A liquor permit pursuant to their application herein.
REVERSED AND RENDERED.
NOTES
[1] LSA-R.S. 26:80 B reads as follows:

B. No permit shall be issued by the board or by any municipality or parish to authorize any business in any subdivision of the state where the business has been prohibited by referendum vote.
However, in any subdivision where saloons are prohibited, but package sales of liquor are permitted, Class B package liquor permits may be issued in combination with Class A retail beer permits.
[2] Ordinance 503½ was held to be valid by this court in the case of City of Natchitoches v. The Keg of Northwestern, Inc., 349 So.2d 466 (La. App.1977).
[3] Prior to the 1974 amendment the second paragraph of LSA-R.S. 26:582 read as follows:

"This election shall be separately called and held, and the result separately binding for each incorporated municipality, and for the unincorporated balance of the ward. No such election shall be held on a parish wide basis or for any subdivision other than the ones above mentioned."
[4] The court's holding in Wright also dealt with amendments to statutes other than LSA-R.S. 26:582, but they are not important to a decision in this case.
[5] LSA-R.S. 582.1 reads as follows:

A. When a portion of a ward or municipality is annexed or made a part of another ward, municipality or city-parish government having a population of one hundred thousand or more, the portion annexed or made a part of shall take on the legal sales characteristics, as provided in this Chapter, of the ward, municipality or city-parish government to which it is annexed or made a part of; provided, however, that this section shall not apply to any ward, municipality, or city parish government, or any portion of any of these, located within the Parish of Ouachita. (Emphasis added.)
B. The provisions of R.S. 26:582.1 shall be applicable to any election previously called under Title 26 or any other local option law and to any territory covered by such election which has subsequently been merged with another ward, incorporated municipality or portion thereof or whose boundary has been changed, it being the intention of this act that the sale of beverages covered by Chapter 26 be permitted or prohibited only in an entire ward or incorporated municipality and not in any portion thereof.