CUTRER, Judge.
This appeal presents the legal issue of whether a “dry” area becomes a “wet” area when the “dry” area is annexed by a municipality which had previously voted itself “wet” for the sale of beverages of high alcoholic content.
John Doughty filed a declaratory judgment suit against the Town of Tullos (Tul-los) seeking to have an annexed area, which had been voted “dry” prior to annexation, declared “wet” for the sale of beverages of high alcoholic content. Tullos had denied Doughty’s application for a permit to sell such beverages. Doughty and Tullos filed motions for summary judgment which were consolidated for hearing. The basic facts were stipulated as follows:
Doughty is a resident of an area which was annexed by Tullos and which area had been voted “dry” prior to the annexation. Tullos, pursuant to a local option election, had previously voted itself “wet” allowing the sale of beverages of a high alcoholic content. An ordinance was adopted pursuant to that election. Doughty is the lessee of premises located in the annexed area and applied for a permit to sell beverages therein of a high alcoholic content. Tullos denied Doughty’s permit.
After a hearing, the trial court granted the motion for summary judgment filed by Tullos, dismissing Doughty’s suit. Doughty appeals. We affirm.
The issue on appeal is whether the annexation of the “dry” area had the effect of converting the annexed property into a “wet” area.
The thrust of Doughty’s argument is that the issue is resolved by LSA-R.S. 33:179 which provides as follows:

“Where the corporate limits of municipalities have been extended or enlarged as hereinabove provided, the annexed territory, the inhabitants thereof, and the owners of property therein shall enjoy as to themselves and their property all the rights, immunities, and privileges granted and enjoyed by all the citizens of the municipality to which the territory has been annexed.”

Counsel insists that this provision has the effect of converting the “dry” annexed area into a “wet” area when it was brought into the municipality of Tullos. As we consider *815 the general rule of other states, the jurisprudence of this state and the reasons therefor, we must disagree with Doughty’s position.
The general rule of other states is set forth in 25 A.L.R.2d 864 § 2 as follows:

“Because the theory of local option laws is that the people of a political or governmental unit shall have the right to determine their status, and the correlative right to change it, according to the provisions of those laws, a status once adopted is usually considered to attach to the territory which was originally bound by the vote, and to remain operative, unless lawfully changed, notwithstanding changes for other purposes in the designation, boundaries, or organization of the unit.

“It has, therefore, become a general rule that a designation, division, reassignment, reorganization, increase, diminishment, or abolition of a political or governmental unit, the people of which by election have adopted a local option status, does not affect the operation of a local option law in any of the territory originally bound by the election.” (Citations of other states omitted.)
This general rule was followed in the early case of Hughes v. Parish Council, 48 So.2d 823 (La.App. 1st Cir.1950). In Hughes, Ward 4 of East Baton Rouge Parish voted itself “dry” in a local option election held in 1937. In 1948 the people of East Baton Rouge Parish adopted the city-parish form of government and established new wards in the parish. Ward 4 no longer existed after this reorganization. Ward 4 was merged with previously “wet” wards to become the new Ward 2 of the Parish of East Baton Rouge. Plaintiff sought a permit to sell beer in the new Ward 2 in an area which had previously been in old, “dry,” Ward 4. Plaintiff contended that, because of the reorganization, old Ward 4 was no longer in existence insofar as the effect of the referendum was concerned, and it (old Ward 4) had lost its identity and became “wet” as it was merged with “wet” wards.
The court held that the old Ward 4 area retained its “dry” status even though it was merged with “wet” wards into a new Ward 2. The court reasoned as follows:
"... It is hardly conceivable that the Legislature of the State of Louisiana would grant to the people of the various political subdivisions, a right by ballot to create dry territories and at the same time, vest in the Police Jury a right to wipe out this exercise of the ballot by the simple procedure of redistricting the parish. The redistricting of the ward lines for the Parish of East Baton Rouge was done without any mention whatsoever as to the local option question and we do not think that the Police Jury of a parish can take it upon itself and negative a vote on local option by exercising its right granted it by changing and rearranging ward lines. In a case of this kind, we do not think that a prohibitory law such as that in question here, voted upon and adopted by a ward can be repealed or defeated in its operation by any subsequent act of the governing authorities of the Parish of East Baton Rouge, by a simple change of boundaries of an election district or ward....”
The court came to this conclusion after reviewing the general rule adopted by a majority of the cases from other states.
In the case of Blanchard v. Gauthier, 248 La. 1107, 184 So.2d 531, 534 (1966), the same basic facts were presented as those in Hughes; i.e., the merger of wards in East Baton Rouge Parish. The Supreme Court, affirming the Court of Appeal conclusion that the “dry” Ward 10 which was merged with “wet” wards retained its “dry” status, reiterating the general rule set forth herein from 25 A.L.R.2d 852, and concluded as follows:
“Our research of authorities has disclosed that the vast majority of cases from other states ... have followed the general rule and, at this time, we perceive no valid reason for departing from this rule.” (Footnote omitted.)
In the case of Davis v. Caldwell Parish Police Jury, 331 So.2d 872 (La.App. 2nd *816 Cir.1976), writ ref’d, 334 So.2d 434 (La.1976), the court held that a “dry” area merged with “wet” areas, in the reapportionment of wards, remained “dry.” The court cited and followed Blanchard, supra.
The most recent case on the subject matter was handed down by this court in the case of Froeba v. State, Dept. of Public Safety, 369 So.2d 727 (La.App. 3rd Cir.1979), writs den., 371 So.2d 615 (La.1979). The City of Natchitoches annexed a portion of Ward 1 of Natchitoches Parish. The City, by referendum, had voted “dry” in a prior election. In a parish-wide local option election, the parish had voted “dry” which included Ward 1. The Police Jury adopted an Ordinance 542 prohibiting the sale of alcoholic beverages containing more than one-half of one per centum of alcohol by volume. The plaintiffs, lessees, of a place of business called “The Town House,” applied to the Alcohol Beverage Control for a state permit to sell beverages of high alcoholic content after the annexation. Plaintiffs contended that the Police Jury ordinance, prohibiting the sale of such beverages, adopted on November 17,1943, pursuant to the parish-wide referendum, was invalid by virtue of the subsequent enactment of the Revised Statutes of 1950 which contained the following provision:
LSA-R.S. 26:582 read as follows:

“Upon petition of not less than twenty-five percent of the qualified electors residing in any parish, ward, or any incorporated municipality the governing authority shall order a referendum election to be held to determine whether or not the business of manufacturing, producing, rectifying, distilling, blending, using, storing, distributing and selling alcoholic beverages, shall be conducted and licensed therein.

“This election shall be separately called and held, and the result separately binding for each incorporated municipality, and for the unincorporated balance of the ward. No such election shall be held on a parish wide basis or for any subdivision other than the ones above mentioned.[1]

“No such election shall be held for the same subdivision oftener than once in every two years.”

Plaintiffs argued that this statute rendered the Police Jury Ordinance 542 invalid. This court held that the ordinance was an exercise of local option law on a parish-wide basis, in contravention of LSA-R.S. 26:582, as it existed prior the amendment of 1974, and was declared invalid. As a result of the holding that the local option election and ordinance was invalid, the portion of Ward 1 which was annexed was “wet” at the time of annexation. Following the Blanchard case, this court then held that the “part of Ward One of Natchitoches Parish which was annexed to the city retains its status as a ‘wet’ area.”
As we review this jurisprudence we conclude that LSA-R.S. 33:179 does not support the contention of Doughty. To paraphrase our brethren on the First Circuit in Hughes, it is hardly conceivable that the Legislature would grant to the people of the various wards a right to create “dry” territories by special local option elections and, at the same time, vest in municipalities a right to repeal or defeat this exercise of the ballot by the simple procedure of annexation. We hold that a municipality cannot negative a vote on local option by exercising its annexation authority. In a case of this kind, a prohibitory law such as that in question, voted upon and adopted by a ward, cannot be repealed or defeated of its operation by any subsequent act of annexation by the governing authority of an adjacent municipality.
We note that the Legislature shares our understanding of the general rule that changes in boundaries do not affect the status of an area previously determined by a local option election. The Legislature has adopted special statutes[2] which provide *817 that when an area is annexed into a ward, municipality or city-parish government having a population of 100,000 or more, the annexed portion shall take on the legal sales characteristics of alcoholic beverages of the annexing authority. Were it not the recognized rule that an annexed area retain its “wet” or “dry” status as determined by its last local option election, these special statutes would be unnecessary.
In the case at hand, the “dry” area annexed by “wet” Tullos, remains “dry” until it is changed by an election. The judgment of the trial court will be affirmed.
For the reasons assigned, the judgment of the trial court is affirmed. All costs of this appeal are assessed to plaintiff-appellant.
AFFIRMED.

. In 1974, this paragraph was amended to allow a parish-wide election. We are not concerned with the 1974 amendment in this case.

. LSA-R.S. 26:582.1 and 26:603.