WATKINS, Judge.
This is action brought by The Kroger Company to obtain an injunction preventing the City of Baker from enforcing its “dry” ordinance in a “wet” area which had been annexed into the city in 1979. Kroger Store 279 is located in this formerly “wet” area which is now within the municipal limits of the City of Baker which in a referendum in 1960 had voted itself “dry.” The trial court granted a temporary restraining order, which after the case was submitted on stipulation was recalled and vacated, and an injunction denied. Kroger has appealed. We affirm.
The facts are set forth in the Stipulation of Facts which is appended hereto.
The section of the Revised Statutes pertinent to the decision of the case is LSA-R.S. 26:582.1 A and B, Subsection A having been amended by Act No. 472 of 1982, the two Subsections together reading as follows:
“A. When a portion of a ward or municipality is annexed or made a part of another ward, municipality, or city-parish government, the portion annexed or made a part of shall take on the legal sales characteristics, as provided in this Chapter, of the ward, municipality, or city-parish government to which it is annexed or made a part of.
Amended by Acts 1982, No. 472, § 2.
B. The provisions of R.S. 26:582.1 shall be applicable to any election previously called under Title 26 or any other local option law and to any territory covered by such election which has subsequently been merged with another ward, incorporated municipality or portion thereof or whose boundary has been changed, it being the intention of this act that the sale of beverages covered by Chapter 26 be permitted or prohibited only in an entire ward or incorporated municipality and not in any portion thereof.”
It is clear from a reading of Subsection B that the sale of beverages covered by Chapter 26 is to be permitted or prohibited only in an entire incorporated municipality, ward, or city-parish. Subsection A formerly limited the effect of LSA-R.S. 26:581.1 to annexation by a municipality, ward, or city-parish having a population of 100,000 or more, so that the annexation of a “wet” area by a “dry” municipality having a population of less than 100,000 did not change the “wet” characteristic of the annexed area. See Froeba v. State Department of Public Safety, 369 So.2d 727 (La.App. 3d Cir.1979), writ refused 371 So.2d 615 (1979). However, the 100,000 population restriction has now been removed from the statute, by the amendment of LSA-R.S. 26:581.1 A by Act No. 472 of 1982. Thus, as we interpret the statute, it is clear that annexation by a city of any size which is “dry” causes the *588 area annexed to likewise become “dry”, although the annexed area did not participate in the local option election, because under the statute, a municipality must be either entirely “wet” or entirely “dry”.
Kroger contends that to interpret the statute in the foregoing manner is to give the statute retrospective effect, and to divest vested rights. The statute does not operate to void the legitimacy or propriety of liquor sales that occurred, or business involving the sale of liquor that was conducted before the effective date of Act No. 472 of 1982. The statute as amended merely reprobates the conducting of liquor sales in the future in a “wet” area annexed by a municipality, ward, or city-parish that has voted “dry”. The effect is purely prospective, being limited to the conduct of business after the amendment takes effect. Nor are vested rights divested. “The power to regulate traffic in alcoholic beverages is vested in the State, and the legislature may delegate such power to political subdivisions of the State.” The State at any time may alter or recall the delegated power. State v. Sissons, 292 So.2d 523 (La.1974). As the State has the power to deny liquor sales (Amendment XXI United States Constitution), it may exercise its sovereign authority to restrict liquor sales, or delegate that restrictive authority to a local government by statute. Ordinance 1960-14, City of Baker, applies by virtue of Act No. 472 of 1982 to the annexed area, in which the store in question, Kroger Store 279, is located.
The judgment of the trial court is affirmed, at appellant’s cost.
AFFIRMED.
APPENDIX
STIPULATION OF FACTS
The following statement of facts are hereby stipulated to by and between The Kroger Co. and the City of Baker, through their undersigned attorneys.
1.
Following a referendum vote, the Board of Alderman of the Town of Baker enacted Ordinance 1960-14, dated December 6,1960, which ordinance prohibited within the corporate limits of the town of Baker, Louisiana:
A. The sale of beverages of low alcoholic content containing more than 3.2% alcohol by weight and not more than 6% alcohol by volume;
B. The sale of beverages of high alcoholic content containing more than 6% alcohol by volume for consumption on the premises; and
C. The sale of beverages of high alcoholic content containing more than 6% alcohol by volume by package only and not for consumption on the premises.
A copy of said ordinance is attached hereto as Exhibit “A”.
2.
At the time of enactment of Ordinance 1960-14 on December 6, 1960, by the Town of Baker, the Town of Baker did not include the area where Kroger Store No. 279 is presently located.
3.
By Ordinance 1979-16, adopted on October 23,1979, the City of Baker annexed into the municipal limits of the City of Baker the area in which Kroger Store No. 279 is presently located.
4.
Prior to its annexation, the subject area was a portion of Ward 2 of East Baton Rouge Parish, Louisiana, and at the time of its annexation into the corporate limits of the City of Baker, the subject area was “wet”; that is, it had no prohibition against the sale of beverages of either low or high alcoholic content.
5.
On the date of the annexation of the subject area, October 23,1979, the effect of the merger for annexation of areas by the City of Baker on the local option laws of Title 26 of the Louisiana Revised Statutes was controlled by LSA-R.S. 26:582.1, which statute was added by Acts 1968, No. 208, of *589 the Louisiana Legislature and which act was effective as of July 31, 1968.
6.
On the date of the annexation of the subject area, the City of Baker had a population of less than 100,000.
7.
On the date of the annexation of the subject area by the City of Baker, the subject area remained “wet” pursuant to the provisions of LSA-R.S. 26:582.1.
8.
The Kroger Co., a retail grocery chain, opened Kroger Store No. 279 on March 18, 1981, which store is located at 14440 Plank Road, Baker, Louisiana, and is situated at the intersection of Plank Road and Petit Lane in the Parish of East Baton Rouge.
9.
Subsequent to the opening of Kroger Store No. 279, said store commenced sale of beverages containing more than 3.2% alcohol by weight and more than 6% alcohol by volume.
10.
Kroger Store No. 279 obtained from the Louisiana Department of Public Safety, Office of Alcoholic Beverage Control, Permit No. 1790573 and the renewals thereof, as follows:
(A) Class B, Retail Liquor Permit, Serial No. 28949, for the period February 17, 1981, through December 31, 1981.
(B) Class B, Retail Liquor Permit, Serial No. 38826, for the period January 1, 1982, through December 31, 1982.
(C) Class B, Retail Liquor Permit, Serial No. 27731, for the period January 1, 1983, through December 31, 1983.
A copy of said permits are attached as Exhibit “B”.
11.
Kroger Store No. 279 also obtained from the Louisiana Department of Public Safety, Office of Alcoholic Beverage Control, pursuant to Permit No. 1790573, and the renewals thereof, the following permits:
(1) Class B, Retail Beer Permit, Serial No. 17409, for the period February 17, 1981, through June 30, 1981.
(2) Class B, Retail Beer Permit, Serial No. 15666, for the period July 1, 1981, through June 30, 1982.
(3) Class B, Retail Beer Permit, Serial No. 06760, for the period July 1,1982, through June 30, 1983.
A copy of said permits are attached as Exhibit “C”.
12.
By virtue of Section 2 of Act No. 472 (Senate Bill 940) of the 1982 Legislature, LSA-R.S. 26:582.1(A) was amended, which Act 472 had an effective date of September 10, 1982.
Baton Rouge, Louisiana, this 10th day of January, 1983.
THE KROGER CO.
By Attorneys,
TAYLOR, PORTER, BROOKS & PHILLIPS
/s/ Vernon P. Middleton Vernon P. Middleton
P.O. Box 2471
Baton Rouge, LA 70821-2471
(504) 387-3221
THE CITY OF BAKER
By: /s/ William C. Bradley William C. Bradley
City Attorney,
Baker, Louisiana
P.O. Box 360.
Baker, LA 70714-0360
(504) 775-5525