Dear Mr. May:
This office is in receipt of your opinion request directed to Attorney General Richard P. Ieyoub. The request has been assigned to me for research and resolution.
We paraphrase and restate the facts as related in your request. Jackson Parish, Louisiana was formerly divided into ten wards. The most recent local option elections reflect the following results:
Dry Wards: 1, 3, 4, 5, 6 7
Wet Wards: 2(never held any election) 10
 Partial Wards: 8(wet inside of Hodge dry outside); and 9(wet inside of Jonesboro dry outside).
The Jackson Parish Police Jury adopted a reapportionment plan reducing the number of wards in Jackson Parish from ten to seven. This plan was approved by the Justice Department and implemented in late 1992. As a result of this reapportionment plan, three wards cease to exist, and the remaining seven new wards are substantially altered.
Questions have arisen concerning the sale of alcoholic beverages in each of the seven new wards. Your specific questions are restated with slight clarification.
 (1) Can a business establishment formerly located in a dry ward, now located in a wet ward, be licensed to sell beverages of high alcoholic content?
 (2) What is the present status of the seven wards with regard to the sale of alcoholic beverages?
 (3) After the 1992 reapportionment, what is the legal status of the Town of Jonesboro with regard to the sale of alcoholic beverages?
A response to all three questions requires application of the language of LSA-R.S. 26:583, which provides:
 "A. When a portion of a ward or municipality is annexed or made a part of another ward, municipality or city-parish government, the portion annexed or made a part of shall take on the legal sales characteristics, as provided in this chapter, of the ward, municipality, or city-parish government to which it is annexed or made a part of.
 B. The provision of this Section shall be applicable to any election previously called under this Title or any other local option law and to any territory covered by such election which has subsequently been merged with another ward, incorporated municipality or portion thereof or whose boundary has been changed, it being the intention of this Chapter that the sale of beverages covered by this Title be permitted or prohibited only in an entire ward or incorporated municipality and not in any portion thereof."
It is appropriate to note the Supreme Court case of State v. Sissons, 292 So.2d 523 (La. 1974), in which the Court addressed the validity of an ordinance adopted pursuant to a local option election. The Court set forth the following test:
 "The power to regulate traffic in alcoholic beverages is vested in the State and the legislature may delegate such power to political subdivisions of the State. (citations omitted). However, by so delegating the State does not surrender its power and the legislature can at any time alter or recall the delegated power. (citations omitted). Generally, a police regulation of a subdivision of the State enacted pursuant to authority delegated by the State cannot exceed the grant of authority and must fall when it conflicts with State law." Sissons, supra, at pages 525 and 526; (Emphasis added).
It is our opinion that any ordinance pertaining to the sale of alcoholic beverages is no longer enforceable if it is inconsistent with LSA-R.S. 26:583. See copy of enclosed Attorney General Opinion Number 92-512. For example, if a portion of Ward X was dry prior to reapportionment, but is annexed into a wet ward or municipality by virtue of reapportionment, then that portion of Ward X becomes wet. Applying this legal concept, if a business establishment formerly located in a dry ward is now located in a wet ward, it becomes eligible to apply for any liquor license for which it is otherwise qualified. This conclusion is consistent with legislative intent that the sale of alcoholic beverages be permitted or prohibited only in an entire ward or incorporated municipality and not in any portion thereof.
A factual determination, which we do not attempt to make here, must be made by the parish governing authority to determine which portions of wards and/or municipalities were annexed by virtue of the reapportionment in order to determine what the present status of the seven wards is with regard to the sale of alcoholic beverages. Again, in order to determine whether the Town of Jonesboro is wet or dry, one must look to see whether a portion or all of the municipality was annexed, and further, what the legal sales characteristics are of the entire ward or incorporated municipality which it was annexed into or made a part of. See Kroger Company v. City of Baker,434 So.2d 586 (La.App. 1st Cir. 1983).
Finally, absent a local option ordinance prohibiting the sale of alcoholic beverages, a ward or municipality is considered wet. Of course, compliance with the provisions of Title 26 of the Louisiana Revised Statutes is required for the operation of a business for the sale of alcoholic beverages and liquors. These statutes mandate the issuance of a state permit, and further recognize that municipalities may issue and require local permits similar to those permits issued by the state. LSA-R.S. 26:274.
Should you have further inquiries, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK/0247E