Dear Mr. Bass:
Your request for an Attorney General's Opinion has been directed to me for research and response. As I understand your question, it is a follows:
 "After annexation, by a municipality, of an area which has sales of beverages of high and low alcohol content, may the retail outlets continue business if the municipality permits only the sale of low alcohol content beverages by referendum?" The referendum was passed prior to the annexation by the municipality."
It would appear that the answer to the question you have asked is set forth in LSA-R.S. 26:583, which states the following:
 (A) "When a portion of a ward or municipality is annexed or made a part of another ward, municipality or city-parish government, the portion annexed or made a part of shall take on the legal sales characteristics, as provided in this Chapter, of the ward, municipality, or city-parish government to which it is annexed or made a part of.
 (B) The provision of this Section shall be applicable to any election previously called under this Title or any other local option law and to any territory covered by such election which has subsequently been merged with another ward, incorporated municipality or portion thereof or whose boundary has been changed, it being the intention of this Chapter that the sale of beverages covered by this Title be permitted or prohibited only in an entire ward or incorporated municipality and not in any portion thereof."
This statute makes it clear that when an area is annexed into another governmental unit, the former takes on "the legal sales characteristics" of the latter. The legislative purpose is also clearly set forth, to provide that all areas of a particular governmental unit, be it ward of incorporated municipality, have the same rules retaining to the sale of alcoholic beverages. The Louisiana First Circuit Court of Appeals addressed the meaning of this statute in the case of Kroger Co. v. City of Baker, 434 So.2d 586 (La.App. 1st Cir. 1983). At page 587 of the opinion the Court stated:
 "Thus, as we interpret the statute, it is clear that annexation by a city of any size which is `dry' causes the area annexed to likewise become `dry', although the annexed area did not participate in the local option election because under the statute, a municipality must be either entirely `wet' or entirely `dry'."
Accordingly, addressing the circumstances about which you have inquired after annexation by a municipality, of an area which has sales of beverages of high and low alcohol content, the area annexed must take on the "legal sales characteristics, of the annexing municipality. Therefore, the retail outlets in the annexed area may only sell the low alcohol content beverages which are permitted by the annexing municipality". Under the Kroger decision, it would appear that the fact the referendum was passed prior to the annexation by the municipality is irrelevant.
I trust that the foregoing adequately answers the question you have asked, if, however, additional information is needed, please do not hesitate to contact this office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JAMES A. SMITH, II Assistant Attorney General
RPI/JAS:pb 2626s