Dear Representative Hopkins:
In your correspondence to this office of recent date you relate that Mr. Jerry King has submitted a Class A Alcoholic Beverage Application for licensure. Mr. King's premises are located in Ward Three of the Parish of Caddo, which was voted dry by local option election in 1981. Mr. King's premises are simultaneously located in Commission District #1, a wet district, which boundaries were drawn in 1984. Mr. King was denied licensure because he is nonetheless still located in a dry ward.
In the case of Blanchard v. Gauthier, 248 La. 1107,184 So.2d 531 (La. 1966), the Louisiana Supreme Court held that a "dry" area remains "dry" even when merged into a "wet" area. This ruling was followed in several cases. See Davis v. CaldwellParish Police Jury, 331 So.2d 872 (2nd Cir. 1976); Froeba v.State Department of Public Safety, 369 So.2d 727 (3rd Cir. 1979);Doughty v. Town of Tullos, 425 So.2d 814 (3rd Cir. 1982.
Legislative response to the foregoing cited cases has resulted in the enactment of now LSA-R.S. 26:583, amended in this past legislative session by Act 330 of the 1997 Regular Legislative Session to provide the following:
§ 583. Effect of merger
 A. When a portion of a ward, election district, or municipality is annexed or made a part of another ward, election district, municipality, or city-parish government, the portion annexed or made a part of shall take on the legal sales characteristics, as provided in this Chapter, of the ward, election district, municipality, or city-parish government to which it is annexed or made a part of.
 B. The provisions of this Section shall be applicable to any election previously called under this Title or any other local option law and to any territory covered by such election which has subsequently been merged with another ward, election district, incorporated municipality or portion thereof or whose boundary has been changed, it being the intention of this Chapter that the sale of beverages covered by this Title be permitted or prohibited only in an entire ward, election district, or incorporated municipality and not in any portion thereof.
 C. Notwithstanding the provisions of Subsections A and B of this Section, any package house in existence and operating as such on August 15, 1995, in an area that is subsequently annexed into a ward, election district, municipality, or city-parish government that prohibits the sale of alcoholic beverages shall be allowed to continue operation and shall not be subject to the provisions of Subsection A and B of this Section. (Emphasis added).
Under current law, effective August 15, 1997, we interpret LSA-R.S. 26:583 to mean that when a portion of a dry ward is merged with an election district in which the sale of alcoholic beverages is permitted, that dry portion becomes wet, as it takes on the legal characteristics of the election district.
The Louisiana First Circuit Court of Appeals addressed the meaning of LSA-R.S. 26:583 in the case of Kroger Co. v. City ofBaker, 434 So.2d 586 (La.App. 1st Cir. 1983). At page 587 of the opinion the Court stated:
 Thus, as we interpret the statute, it is clear that annexation by a city of any size which is `dry' causes the area annexed to likewise become `dry', although the annexed area did not participate in the local option election because under the statute, a municipality must be either entirely `wet' or entirely `dry'.
In accord with Kroger, supra, is Attorney General Opinion 93-308, a copy of which is attached.
Problematic in the current matter is the fact that the entirety of Ward Three is now located in Commission District #1, a wet area, whose boundaries were redrawn to encompass the ward. The question arises, as a practical matter, does the larger area dominate the lesser area (the ward being the lesser size), i.e., which unit is considered merged?
The only way we can give effect to that portion of the statute requiring that "the sale of beverages covered by this Title be permitted or prohibited only in an entire ward, election district, or incorporated municipality and not in any portion thereof" is to consider all of Ward Three which is entirely located within the election district to now be wet. We consider this to be the current interpretation as Ward Three is now "made a part of" Commission District #1 in accord with the language of the statute. Following this result is the conclusion that Mr. King's application of licensure should be reconsidered.
Concerns remain regarding the correct interpretation of LSA-R.S.26:583 as we think that current law remains ambiguous. For instance, is some formal procedure analogous to annexation required under the statute in order for a portion of the governmental unit to be "made a part of" another unit? It is suggested that a judicial ruling resulting from a suit for declaratory judgment might remove all questions presented by the situation.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ______________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
cc: Gerald N. Jones City Attorney, Shreveport