Dear Senator Smith:
This office is in receipt of your opinion request concerning liquor sales in Winn Parish. Winn Parish consists of seven parish election districts. The "wet" or "dry" status of each parish election district in Winn Parish depends upon whether or not a local option election has been held within the parish election district. A ward which was voted "dry" in a previous local option election which has been merged into a new election district where no local option election has been held is considered "wet" and must permit the sale of alcoholic beverages. R.S.26:583 states:
 § 583. Effect of merger
 A. When a portion of a ward, election district, or municipality is annexed or made a part of another ward, election district, municipality, or city-parish government, the portion annexed or made a part of shall take on the legal sales characteristics, as provided in this Chapter, of the ward, election district, municipality, or city-parish government to which it is annexed or made a part of.
 B. The provisions of this Section shall be applicable to any election previously called under this Title or any other local option law and to any territory covered by such election which has subsequently been merged with another ward, election district, incorporated *Page 2 
municipality, or portion thereof or whose boundary has been changed, it being the intention of this Chapter that the sale of beverages covered by this Title be permitted or prohibited only in an entire ward, election district, or incorporated municipality and not in any portion thereof.
 C. Notwithstanding the provisions of Subsections A and B of this Section, any package house in existence and operating as such on August 15, 1995, in an area that is subsequently annexed into a ward, election district, municipality, or city-parish government that prohibits the sale of alcoholic beverages shall be allowed to continue operation and shall not be subject to the provisions of Subsections A and B of this Section.
 D. (1) Notwithstanding the provisions of Subsections A and B of this Section, Ward Two, Bastrop, Morehouse Parish as described in Paragraph (2) of this Subsection that was annexed, reapportioned into, or merged into another ward, election district, municipality, or city-parish government that authorizes the sale of alcoholic beverages shall not be subject to the provisions of Subsections A and B of this Section and shall not take on the legal sales characteristics of the larger area.
 (2) Ward Two, Bastrop, Morehouse Parish. From the intersection of the Louisiana-Arkansas state line with the Ouachita River run east on the Louisiana-Arkansas state line to where said line intersects Bayou Chemin-A-Haut; thence down Bayou Chemin-A-Haut to its mouth in Bayou Bartholomew; thence down Bayou Bartholomew to a point where it intersects the township line between Township 21 North and Township 22 North; thence west on said township line and being the northern boundary line of ward one to where said township line intersects the Ouachita River; thence in a northerly direction with the Ouachita River to the point of beginning.
Further guidance interpreting R.S. 26:583 is contained in the case ofSabine Parish Police Jury vs. Commissioner of Alcohol TobaccoControl, 898 So.2d. 1244 (La. 2005). The Louisiana Supreme Court stated therein, pertinently:
 In an area where the governing authority of a parish is no longer elected from wards, but by election district, then the operative entity for local option purposes is the election district even where the wards have not been formally abolished and my still exist for some purposes such as taxing. . . Id, at p. 20. *Page 3 
 Therefore, any denial of a permit based on a previous local option election must fall before the effects of merger provided in La.R.S. 26:583. . . Id, at p. 21.
 Since there has never been a local option election in Election District 6 prohibiting the sale of alcoholic beverages, we find that the entirety of Election District 6, including the portion of Ward 3 which was voted "dry" in a previous local option election, is deemed "wet" and must permit the sale of alcoholic beverages. Id, at p. 22.
Thus, the current "wet" or "dry" status of each parish election district depends on the results of any local option elections held within the current election districts.
Note that a local option election may not occur on a parish-wide basis, as such local option election is in violation of R.S. 26:582, stating:
 § 582. Petition for election; separate elections; frequency limited
 A. (1) Upon petition of not less than twenty-five percent of the qualified electors residing in any ward, election district, or any incorporated municipality, the governing authority shall order a referendum election to be held to determine whether or not the business of selling alcoholic beverages shall be conducted and licensed therein.
 (2) A copy of the petition shall be submitted to the registrar on the date the first signature is affixed on the petition for the purpose of determining the total number of qualified voters residing in each ward, election district, or each incorporated municipality in which such petition will be circulated.
 B. In the case of such an election held on a ward, election district, or municipal basis the election shall be separately called and held, and the result separately binding for each incorporated municipality, and for the unincorporated balance of the ward or election district.
 C. No such election shall be held for the same subdivision more often than once in every two years.
Note that the Louisiana Supreme Court struck down a Winn Parish ordinance prohibiting the sale of alcoholic beverages because the ordinance was enacted on a parish-wide basis in contravention of R.S. 26:582. See Statevs. Sissons, 292 So.2d 523 (La. 1974), copy attached. *Page 4 
Finally, pursuant to R.S. 26:582 cited above, upon the petition of not less that 25% of the qualified electors residing in any incorporated municipality, the governing authority must order a referendum election to be held to determine whether the sale of alcoholic beverages shall be conducted or not.
In either case whether a local option election is held (in an election district or an incorporated municipality), R.S. 26:582(C) limits such an election to once every two years.
In accord with the above analysis is Attorney General Opinion 06-0228, copy attached. We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 BY._________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
KLK:arg
OPINION NUMBER 06-0228 Wanda J. Edwards. Attorney General of Louisiana — Opinion. December 28, 2006. *Page 1 
55-INTOXICATING LIQUORS AND LOCAL OPTION
LSA-R.S. 26:581, et seq.; R.S. 26:583
Wards previously voted "dry" in local option election which have been merged into new election district where no local option election has been held are considered "wet" and must permit the sale of alcoholic beverages.
Wanda J. Edwards Livingston Parish Council 519 Florida Avenue, SW Denham Springs, LA 70726
Dear Ms. Edwards:
Your correspondence to this office requests our opinion regarding whether local option elections held in Livingston Parish in wards which prohibited the sale of alcoholic beverages remain valid now that the parish has converted to a home rule charter and election districts, when no local option election has been held in the newly created election districts.
We requote the facts as set forth in your correspondence. In 1940, the voters of Livingston Parish permitted the business of selling or dealing in or with alcoholic or intoxicating liquors within the parish after a special election called for that purpose. Subsequently, and under the old "police jury ward system," various wards within the parish prohibited the sale of alcoholic beverages pursuant to local option elections held under La.R.S. 26:582(1). These elections were held in 1975.
In 1996, Livingston Parish adopted a home rule charter and changed its plan of government from the police jury to the president-parish council form of government. The council consists of nine council members elected from single-member districts and an elected president. The council districts were created through reapportionment and do not correspond to the former wards. The wards were not abolished per se, but they are relegated to service as tax wards. No local option elections have been held in any of the nine newly created council districts.
R.S. 26:583 states, in part:
 583. Effect of merger
 A. When a portion of a ward, election district, or municipality is annexed or made a part of another ward, election district, municipality, or city-parish government, the portion annexed or *Page 2 
made a part of shall take on the legal sales characteristics, as provided in this Chapter, of the ward, election district, municipality, or city-parish government to which it is annexed or made a part of.
 B. The provisions of this Section shall be applicable to any election previously called under this Title or any other local option law and to any territory covered by such election which has subsequently been merged with another ward, election district, incorporated municipality, or portion thereof or whose boundary has been changed, it being the intention of this Chapter that the sale of beverages covered by this Title be permitted or prohibited only in an entire ward, election district, or incorporated municipality and not in any portion thereof.
In Sabine Parish Police Jury vs. Commissioners of Alcohol TobaccoControl, 898 So. 2d. 1244 (LA 2005), and interpreting R.S. 26:583 quoted above, the Supreme Court determined that a formerly dry ward that merged into a new election district took on the sales characteristics of the newly created election district, which was deemed "wet" in its entirety, given that there had never been a local option election in the election district prohibiting the sale of alcoholic beverages.
We agree with your legal assessment as stated in your correspondence. Since the factual circumstances in Livingston Parish are the same as those considered in the Sabine case, supra, the holding of the case is applicable. The provisions of R.S. 26:563 as interpreted by the Louisiana Supreme Court dictate that a ward, or portion thereof, must take on the local option sales characteristics of the election district which it comprises after parish restructuring.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 BY:_____________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
KLK:arg